### H. C. WRIGHT v. THE STATE.

No. 6893.  Decided April 12, 1922.

**1.—Theft—Automobile—Indictment—Date of Term of Court—Surplusage.**

A mistake in date as to the term of court at which the grand jury were organized may be amended or treated as surplusage and there was no reversible error.

**2.—Same—Evidence—Witness Refreshing Memory—Book—Time Table.**

Where, upon trial of theft of an automobile, the bill of exceptions complained that a state's witness was permitted to testify that the last freight train left the station for another station on a certain date at 7:15 A. M., and the exception was based on the fact that said witness was permitted to consult and refer to a record kept in the yard office of the railway company, and said witness was familiar with the book and knew the signature of the conductor, etc., and the book itself was not offered in evidence, but simply used to refresh the witness' memory, there was no reversible error; besides, the bill of exceptions was defective.

Appeal from the District Court of Potter.  Tried below before the Honorable Henry S. Bishop.

91 Tex.—32

Appeal from a conviction of theft of an automobile; penalty, four years imprisonment in the penitentiary.

The opinion states case.

No brief on file for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Potter County of felony theft, and his punishment fixed at four years in the penitentiary.

Appellant was charged with theft of an automobile belonging to one Mr. Gee. The care was taken on Sunday night near a church in the city of Amarillo, and was recovered later near the town of Channing in Hartley County. By various witnesses appellant's connection with the car in question on the night same was taken, was shown. His statement to a witness that he was going to drive the car to Tucumcari, New Mexico, was in evidence. His possession of the car and putting gasoline therein, was also shown by another witness. Appellant's own testimony consisted of an absolute denial of any connection at all with said car.

The record contains two bills of exception. One complains of the refusal of the court to quash the indictment because of an allegation in the formal parts of said instrument that. the grand jury was duly organized at the September Term A. D. 121—. In Section 471, Branch's Ann. P. C., a number of cases are collected supporting the proposition that a mistake in date as to the term of court at which the grand jury were organized, may be amended or treated as surplusage. These authorities we think justified the trial court in overruling the motion to quash the indictment upon the ground just mentioned.

The remaining bill of exceptions complains of the fact that a witness named Powell was permitted to testify that the last freight train left Amarillo for Tucumcari on Monday October 17, 1921 at 7:15 A. M. Said bill of exceptions shows that the objections to the reception of said evidence were based on the fact that said witness was permitted to consult and refer to a record kept in the yard office of the Rock Island Railroad Company in Amarillo. Said witness testified in a preliminary examination that the book which he desired to refer to lay upon a desk in said yard office and that it was required that the crews of departing trains personally make upon said book entry of the date of the departure of trains operated by such crews. The witness said he knew the signature of the conductor of the freight train that left at the hour mentioned. We are not apprised of any authority denying to the witness the right or power of reference to a book such as the one mentioned for the purpose of refreshing his

recollection. The book itself was not offered in evidence, nor did the witness testify to the contents thereof. If the testimony of said witness was in whole or in part hearsay, there was no objection made to it on that ground, and if said witness knew of his own knowledge that a certain train, or a certain crew or conductor, left Amarillo at the time mentioned, and he desired to refer to said book for the purpose of refreshing his recollection, we are unable to see how permission to do so would be objectionable. In addition to what we have just said, we further observe that there is nothing in said bill of exceptions No. 2 which in anywise reflects the fact that the testimony of said witness was, or could in any possible way have been, hurtful to the case of appellant. It is too well settled to need citation of authorities that in order to enable this court to ascertain that an error has been committed to the injury of the accused, the bill of exceptions setting forth such matter must make apparent not only the error but the injurious character thereof.

Finding no error in the record for which a reversal would be held necessary, an affirmance is ordered.

*Affirmed.*