## WRIGHT v. STATE. (No. 6893.)

(Court of Criminal Appeals of Texas.
April 12, 1922.)

**1. Indictment and information ⚖⟾137(1)—Mistake in date of term at which grand jury was organized not ground for quashal.**

A mistake in the allegation of date of the term at which the grand jury was organized is not ground for quashing an indictment, as it may be amended or treated as surplusage.

**2. Witnesses ⚖⟾255(8)—May refresh recollection as to date of departure of train from book in which crews entered dates of departure.**

A witness familiar with the signature of the conductor of a freight train, which he knew of his own knowledge left a certain city for another at a certain hour, may refer to a book in the yard office in which it was required that the crews of departing trains personally enter the date of their departure to refresh his recollection as to such fact.

**3. Criminal law ⚖⟾1036(1)—That testimony was hearsay not available on appeal in absence of objection.**

That testimony was hearsay is not available on appeal, where no objection was made on that ground.

**4. Criminal law ⚖⟾1091(2)—Bill of exceptions must show injurious character of error.**

The bill of exceptions must make apparent, not only the error complained of, but the injurious character thereof.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

H. C. Wright was convicted of felony theft, and he appeals. Affirmed.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the district court of Potter county of felony theft, and his punishment fixed at four years in the penitentiary.

Appellant was charged with theft of an automobile belonging to one Mr. Gee. The car was taken on Sunday night near a church in the city of Amarillo, and was recovered later near the town of Channing in Hartley county. By various witnesses appellant's connection with the car in question, on the night same was taken, was shown. His statement to a witness that he was going to drive the car to Tucumcari, N. M., was in evidence. His possession of the car and putting gasoline therein was also shown by another witness. Appellant's own testimony consisted of an absolute denial of any connection at all with said car.

[1] The record contains two bills of exception. One complains of the refusal of the court to quash the indictment because of an allegation in the formal parts of said instrument that the grand jury was duly organized at the September term, A. D. 121—. In section 471, Branch's Ann. P. C., a number of cases are collated supporting the proposition that a mistake in date as to the term of court at which the grand jury were organized may be amended or treated as surplusage. These authorities we think justified the trial court in overruling the motion to quash the indictment upon the ground just mentioned.

[2-4] The remaining bill of exceptions complains of the fact that a witness named Powell was permitted to testify that the last freight train left Amarillo for Tucumcari on Monday October 17, 1921, at 7:15 a. m. Said bill of exceptions shows that the objections to the reception of said evidence were based on the fact that said witness was permitted to consult and refer to a record kept in the yard office of the Rock Island Railroad Company in Amarillo. Said witness testified in a preliminary examination that the book which he desired to refer to lay upon a desk in said yard office, and that it was required that the crews of departing trains personally make upon said book entry of the date of the departure of trains operated by such crews. The witness said he knew the signature of the conductor of the freight train that left at the hour mentioned. We are not apprised of any authority denying to the witness the right or power of reference to a book such as the one mentioned for the purpose of refreshing his recollection. The book itself was not offered in evidence, nor did the witness testify to the contents thereof. If the testimony of said witness was in whole or in part hearsay, there was no objection made to it on that ground, and if said witness knew of his own knowledge that a certain train, or a certain crew or conductor, left Amarillo at the time mentioned, and he desired to refer to said book for the purpose of refreshing his recollection, we are unable to see how permission to do so would be objectionable. In addition to what we have just said, we further observe that there is nothing in said bill of exceptions No. 2 which in any wise reflects the fact that the testimony of said witness was, or could in any possible way have been, hurtful to the case of appellant. It is too well settled to need citation of authorities that, in order to enable this court to ascertain that an error has been committed to the injury of the accused, the bill of exceptions setting forth such matter must make apparent not only the error but the injurious character thereof.

Finding no error in the record for which a reversal would be held necessary, an affirmance is ordered.

⚖⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes