**John McCRAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35148.

Court of Criminal Appeals of Texas.

Feb. 20, 1963.

Otis Scruggs, Jr., Houston, for appellant.

Frank Briscoe, Dist. Atty., Carle E. F. Dally and Frank Davis, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is murder without malice, under Art. 802c Vernon's Ann.P.C.; the punishment, 5 years.

The evidence shows that the body of an adult Latin American man was found near the place where appellant's car was driven over the curb and landed against a telephone pole. The accident occurred about 2 o'clock A.M. and the body was found several hours later, some 13 feet from the curb line. The autopsy performed about noon revealed that the cause of death was a broken neck, fractured pelvis and broken back, and there were fractures of the legs. The injuries were described by the medical examiner as "pedestrian-auto type of injury caused by the bumper of an automobile." The estimated time of death was fixed as 2 o'clock A.M.

No witness testified who had known the dead man during his lifetime. The indictment alleged the murder of A. F. Valenzuela. The state introduced in evidence a certificate of baptism certifying the baptism of Aquiler Fausto, child of José Simas and Rosa Valenzuela, born in Tecate, California on September 8, 1925.

The state also introduced in evidence the pathological diagnosis on the body found, which shows the name of the dead man as Aquilla Fausto Simas, alias Aquilar Fausto Valenzuela.

The death certificate signed by Dr. Jachimczyk shows the name of Aquillas Fausto

Simas; Father, Jose Luis Simas; Mother, Rosa Valenzuela, and shows the informant to be Oscar Simas, brother.

The witnesses who referred to the dead man as A. F. Valenzuela gave the funeral director as the source of their information as to his name. The death certificate signed by Dr. Jachimczyk also bears the signature of Mr. Morales, the funeral director.

The state offered testimony to the effect that, though it was the usual custom in Mexico for children to use the surname of the father, and that the baptismal name would be the father's surname, " * * * if they wished to add the mother's last name to distinguish him from someone else, they will do so. It doesn't have to be."

We express grave doubt as to the sufficiency of the evidence to show that the deceased used or was known by the name alleged in the indictment.

■ As a part of the state's evidence to show that it was the automobile the appellant was driving that struck the person whose dead body was found some hours after the accident, Floyd McDonald, chemist and toxicologist for the City of Houston, was permitted to testify from the records of the crime laboratory that the red and white paint on the clothing of the deceased was identical to the red and white paint from the '57 Ford. The evidence shows that a chemist examined appellant's car and took hair from the bumper, but we find no testimony showing that the sample of paint compared with the paint on the clothing of the deceased came from the '57 Ford which appellant was driving. It is apparent that this evidence could not be supplied by the records of the laboratory where the paint samples were compared.

The admission of this part of the records of the laboratory was prejudicial and calls for reversal.

■ There is also presented the interesting question of whether Mr. McDonald should have been permitted to testify as to the opinion or conclusion reached by his assistant, a qualified chemist, that hairs he took from the bumper of the Ford automobile had the same characteristics and probably came from the same person as hair he had taken from the body of the deceased.

As we understand the record the hairs were in Mr. McDonald's possession at the time of the trial, but he had made no comparison of them. While he testified that the tests were performed under his supervision, he was unable to say that he was present or had any part therein.

Leonard v. State, 161 Tex.Cr.R. 470, 278 S.W.2d 313; Trujillo v. State, 166 Tex.Cr. R. 405, 313 S.W.2d 871; and Jackson v. State, 159 Tex.Cr.R. 228, 262 S.W.2d 499, are cited by the state. Had Mr. McDonald expressed *his* opinion as an expert, on the characteristics of the hairs, it would seem to have been admissible under these authorities, though his assistant had a part in conducting the test.

We would not extend the rule stated in the cited cases so as to allow proof by the records of opinions or conclusions of an assistant chemist, who is not called as a witness, based upon his comparison of objects or materials especially where, as here, such objects or materials are available for comparison by the chemist in charge of the laboratory who is called to give such testimony from the records.

■ Under the cases cited, the court did not err in permitting Mr. McDonald to testify from the records of the laboratory as to the results of the analysis of the sample of appellant's blood, and to testify as to the effect of such an amount of alcohol in the blood. The distinction lies in the fact that the opinion as to the effect of the alcohol was that of the witness McDonald, whereas the opinion that the hairs probably came from the same person was the opinion of a witness who was not available for cross-examination.

The testimony as to the paint sample differs from both the hair and the blood in

**12**

that there was no testimony showing that the sample of paint compared in the laboratory was taken from the automobile of appellant, whereas the hairs and the blood were properly traced.

Dr. Jachimczyk having testified, the state also offered in evidence his written Pathological Diagnoses on the body. In addition to showing the name used in the indictment as an alias, the document admitted over appellant's objection contained the statement that the decedent came to his death as a result of injuries sustained "when struck by motor vehicle. Hit and run accident."

·We are aware of no rule of evidence under which the document would be admissible in evidence.

The judgment is reversed and the cause remanded.