Hazel Altha GRANT, Appellant,

v.

The STATE of Texas, Appellee.

No. 44263.

Court of Criminal Appeals of Texas.

Nov. 23, 1971.

M. Gabriel Nahas, Jr., Raeburn Norris, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Broug and James A. Moseley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for murder without malice; the punishment assessed, five years.

The sufficiency of the evidence is not challenged. We relate only the facts necessary to the consideration of the appellant's sole ground of error. The complaint is that the trial court erroneously admitted hearsay evidence.

The appellant was the manager of the Sunset Strip Club, located in Acres Homes in Harris County. Louise McGee had rented and operated the kitchen at the Sunset Strip. Louise had decided to give up the operation of the kitchen and was moving some of her possessions from the club in the late evening. As she was doing so, she was struck from behind by the appellant and knocked down. A fight between Louise and appellant ensued. After they had separated, Louise was walking toward the car in front of the club, preparing to leave. The deceased, Sidney Horace Hillsman, was walking behind her. The appellant appeared in the doorway of the club, fired a pistol shot, which struck and killed Hillsman. Appellant testified and the jury was instructed on the law of self-defense.

During the prosecutor's re-direct examination of Louise McGee, the following occurred:

QUESTIONS BY PROSECUTOR:

"Q.  Mrs. McGee, were you afraid of this Defendant?

"A.  Well, to be honest, yes.

"Q.  And why were you afraid of her?

"A.  Well, for—No. I, I am afraid of anyone that drinks.

"Q.  And what else if anything else?

DEFENSE COUNSEL: "If it please the Court, we object to the question.

THE COURT: "Why were you afraid?

DEFENSE COUNSEL: "Yes, Your Honor, that is too broad and improper.

THE COURT: "Overruled.

DEFENSE COUNSEL: "Note my exception.

"Q. (By Prosecutor) What else caused you to be afraid of this Defendant if anything did?

"A. Do you mind if I didn't state the answer to Mr. Wade?

THE COURT: "Just answer the question.

"A. I was afraid of Hazel because of the way she talked, and then again because of things that had been told to me by my husband.

DEFENSE COUNSEL: "We ask that her testimony be stricken, Your Honor, and we ask for a mistrial at this time.

THE COURT: "That is overruled.

DEFENSE COUNSEL: "Note my exception.

"Q. (By Prosecutor) Had not more than one (1) person at the Sunset Strip Lounge told you that night about what Hazel was going to do to you?

"A. Yes sir.

DEFENSE COUNSEL: "Objection, Your Honor.

THE COURT: "Don't lead your witness.

DEFENSE COUNSEL: "Objection to it as immaterial.

THE COURT: "Overruled.

DEFENSE COUNSEL: "Note my exception."

The witness's answer that "I was afraid of Hazel because of the way she talked, and then again because of things that had been told to me by my husband" did not contain hearsay. She did not repeat anything she heard. She explained that her feelings were based on a conversation with her husband. The objection made, "We ask that her testimony be stricken, Your Honor, and we ask for a mistrial at this time" does not demonstrate that any part of her answer was inadmissible. In any event, the objection was too general and was not on the grounds that it was hearsay as is now urged.

The appellant, in her brief, complains more specifically to the question "Had not more than one (1) person at the Sunset Strip Lounge told you that night about what Hazel was going to do to you?" The question was answered "Yes sir" before any objection was made. Then, the only objection was general, "Object, Your Honor", then "Objection to it as immaterial." There was no objection that it was hearsay. It was not shown why an objection was not made before the answer was given and there was no motion to strike at this time.

The informal Bill of Exception does not reflect error.

We find that during the cross-examination of this witness prior to the redirect examination in an answer to defense counsel's question, said: "No, I didn't fight with ferociousness as you said, and you didn't let me go into the conversation; I had been told things by my husband and other people in the place, and not knowing Hazel personally I didn't know what she was intending to do to me." This testimony elicited by questions of defense counsel appears to be of the same nature. Even though it may not have been re-

sponsive to defense counsel's question, there was no motion to strike. Evidence of this nature being already in the record, no error is shown.

The judgment is affirmed.

Opinion approved by the Court.