Donald Richard HOUSTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 47513.

Court of Criminal Appeals of Texas.

Jan. 16, 1974.

Phil Burleson and James A. Mills, Jr. (Court appointed), Dallas, for appellant.

Henry Wade, Dist. Atty., John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

CHADICK, Commissioner.

Donald Richard Houston was indicted for robbery by assault in Dallas County. He entered a not guilty plea but was found guilty and his punishment assessed at 20 years' confinement by a jury.

■ A shotgun was exhibited to a prosecution witness and he was asked to identify it. He answered that "It looks like the gun that was used to rob me." Later he was asked if the gun exhibited was the weapon he saw on the occasion of the alleged robbery, and he replied, "Yes, sir." The gun was properly admitted into evidence. Overton v. State, 490 S.W.2d 556 (Tex.Cr.App.1973); Crocker v. State, 485 S.W.2d 567 (Tex.Cr.App.1972); Alexander v. State, 476 S.W.2d 10 (Tex.Cr.App.1972). It is said in 2 McCormick & Ray, Texas Law of Evidence, Sec. 1458 that ". . . if from the evidence reasonable men could infer identity, any lack of positiveness in the identification should go to

the weight and not to the admissibility of the article." The appellant has cited Brown v. State, 156 Tex.Cr.R. 144, 240 S.W.2d 310 (Tex.Cr.App.1951); McCray v. State, 365 S.W.2d 9 (Tex.Cr.App.1963); and Easley v. State, 472 S.W.2d 128 (Tex.Cr.App.1971) to support his argument that admission of the gun was erroneous. These cases are clearly distinguishable from this under review and do not decide the issue here. Brown and Easley involved the question of chain of custody which the State was not required to prove in the instant case. In McCray there was a total lack of identification of a paint sample used by a chemist for purpose of comparison.

■ Appellant's next three numbered grounds of error present for review certain statements made by the prosecutor in summation before the jury. The record contains testimony that Donald Richard Houston and Floyd Houston participated in the commission of the offense charged. In the closing argument on the guilt or innocence issue the prosecutor stated the two Houstons were brothers. Objection that the remark was unsworn testimony was overruled. When the record as a whole is considered, the statement objected to appears to be completely immaterial. The remark does not tend to prove or disprove any fact in issue or element of the offense charged. Nothing in the record indicates that the statement was calculated to inflame the jury or to inject factual evidence tending to impede or embarrass Donald Richard Houston in making a defense.

■ The prosecuting attorney stated in his summation that appellant's counsel, ". . . talks about the testimony of Doug Bouldin. Regretably, (sic) I have to say he is arguing in bad faith." Objection to the prosecutor's statement was sustained and the jury instructed to disregard the prosecutor's comment. The appellant was accorded all relief requested and no unfavorable action by the trial judge is shown by the record. Under such circumstances

nothing is presented for review. Burks v. State, 432 S.W.2d 925 (Tex.Cr.App.1968).

■ In the summation defense counsel criticized the State for failing to produce Doug Bouldin as a witness. In this setting, he argued, referring to the prosecuting attorney, that the prosecutor would say, "We would like to have him here, too." This imputation of the State's position was repeated two more times in the course of defensive argument. In the closing argument the prosecutor said, "I don't know where Doug Bouldin is, and it's true, I wanted him down here. He testified at the trial before, but he didn't show up this time." Objection was made that the matters mentioned were outside the record and request made that the jury be instructed to disregard it. The court overruled the objection. The prosecutor's rejoinder was invited by defense counsel's criticism. See 56 T.J.2d Trial, Sec. 310.

■ The final prosecution argument complained of is the prosecutor's assertion, after reference to appellant, that it would be "a great travesty of justice if he got one day less than his brother did." Defense counsel objected to the prosecutor's comment and moved the court to instruct the jury to disregard it. The court gave the requested instruction. Counsel for the defendant then said: "If the court please, in line with that, on the basis of the unsworn testimony, I would ask the court to declare a mistrial." The motion was denied. The record does not show the punishment assessed the accused's brother, if he had such relative. However, the injection of unsworn testimony is the basis of the motion for mistrial. As previously discussed, Floyd Houston was characterized as the brother of Donald Richard Houston in the course of the State's closing argument. As discussed previously, injection

of a factual statement that the accused and Floyd Houston were brothers is harmless error. Generally, improprieties in argument such as this are deemed cured by the trial judge's instruction to the jury to disregard the prosecutor's statement. 56 T.J. 2d Trial, Sec. 326. In Shelton v. State, 150 Tex.Cr.R. 368, 200 S.W.2d 1004 (Tex. Cr.App.1947), Judge Krueger said: "It is not every improper remark that calls for a reversal of a judgment of conviction. Unless the remark complained of violates some mandatory provision of the statute or is obviously hurtful, it would not require a reversal." The record does not show it to be obviously hurtful for the accused to be called Floyd Houston's brother.

■ Without assigning a reason therefor, the prosecutor had Floyd Houston brought into the courtroom and identified as a participant in the robbery for which the accused was indicted. Counsel for appellant objected that such procedure was an effort to bolster testimony of the identifying witness that related to such witness' identification of the accused. The objection was overruled. That such identification tended to bolster the witness' other testimony is not at all certain. Such identification of other alleged participants in a crime have had the sanction of this court. McElwee v. State, 493 S.W.2d 876 (Tex. Cr.App.1973); Sanders v. State, 462 S.W. 2d 3 (Tex.Cr.App.1971); and Jones v. State, 171 Tex.Cr.R. 608, 352 S.W.2d 270 (Tex.Cr.App.1961). Additionally, it is to be noted that the appellant was identified as a participant in the alleged offense by three eyewitnesses.

No error requiring a reversal is shown. The judgment of the trial court is affirmed.

Opinion approved by the Court.