James Ray DENTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 47511.

Court of Criminal Appeals of Texas.

Jan. 23, 1974.

Rehearing Denied Feb. 13, 1974.

Carl E. Roberts, Garland, for appellant.

Henry Wade, Dist. Atty., and John E. Rapier, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

The conviction is for the unlawful possession of marihuana; the punishment, five (5) years.

The sufficiency of the evidence is challenged.

It was shown by the State's evidence that on the night in question certain officers, armed with a search warrant, went to an address in the City of Dallas at 7714 Eastern Avenue, Apartment 7, to search for narcotics. When they arrived, one of the officers knocked on the door. A man identified as appellant appeared at a window, pulled the drape back and looked out. The officer held up his badge and told him they were police. Appellant then let the drape close and the officers could hear "running" inside the apartment. Thereupon, one of the officers kicked open the door and the officers entered the apartment. Appellant was standing in the doorway between the living and dining room and was described in the testimony as "attempting to block the doorway." As the officers entered, two females were seen running to the bathroom. One was observed flushing the commode and the other was emptying the substance of a glass container into the commode. The odor of burning marihuana was detected in the apartment. As a result of the search, the officers found a quantity of marihuana in the apartment, which was on top of the commode, on the floor, in the bottle which was in the hands of the female at the commode, and in another bottle in open view on top of a chest of drawers between the living and dining room area. Some marihuana seeds were found inside the chest of drawers. Certain articles of narcotic paraphernalia were also found in the apartment and also a partially smoked marihuana cigarette. In addition to such articles, the officers found in the apartment an envelope addressed to "Mr. James Denton—Mr. Kelvin Griffin, 7714 Apartment 7, Eastern, Dallas, Texas." In the envelope was a letter addressed to the same parties as tenants which requested that they vacate Apartment 7 by a certain date.

It was appellant's contention at the trial, both by his own testimony and that of other witnesses called by him, that he lived at 7714 Eastern Avenue, Apartment 3, and not at Apartment 7. Appellant insisted that on the night in question he was merely visiting in Apartment 7, that he did not know of the narcotics in the apartment, nor did he ever exercise any management, care or control over the same.

The court in his charge instructed the jury on the law of principals and correctly defined the term possession. In connection with such definition, the court instructed that a necessary element of possession was knowledge of the existence of the narcotic drug alleged to have been possessed and unless the jury found from the evidence beyond a reasonable doubt that appellant had knowledge of the narcotic drug in question to acquit him.

No charge on circumstantial evidence was given by the court and none was requested.

 We find the evidence sufficient to support the jury's verdict and overrule appellant's second ground of error which challenges the sufficiency of the evidence to support the conviction.

In his first ground of error, appellant insists that the court erred in admitting the envelope and letter in evidence because it was in violation of the best evidence rule and was hearsay.

No contention was made by appellant that the envelope and letter were not the originals but he objected on the ground that it was not the best evidence and in violation of the best evidence rule. In Overton v. State, 490 S.W.2d 556, this Court stated:

". . . the best evidence rule is confined in its application to the requirement that to prove the contents of a document, the original must be produced."

The best evidence rule has no application in the instant case. No objection was made by appellant to the evidence on the ground of hearsay. In the absence of an objection on such ground, appellant cannot make such complaint in this appeal. Wright v. State, 91 Tex.Cr.R. 497, 239 S.W. 975; Cork v. State, Tex.Cr.App., 362 S.W.2d 314; Grant v. State, Tex.Cr.App., 473 S.W.2d 17.

It is observed that the envelope and letter were not introduced in evidence by the State "to prove the truth of the statements made, but merely to show the literature that was found in the apartment" and that prior to the time the envelope and letter were admitted in evidence Office Green testified without objection that he found the envelope and letter in the apartment addressed to the appellant and Kelvin Griffin at 7714 Eastern, Apartment 7. This testimony was admissible under

Haynes v. State, Tex.Cr.App., 475 S.W.2d 739, and if there was error in later admitting the envelope and letter in evidence it was harmless.

The ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.