Jacinto SANCHEZ, Appellant,

v.

STATE of Texas.

No. 2002cr.

Court of Appeals of Texas, Corpus Christi.

Oct. 8, 1981.

Rehearing Denied Oct. 29, 1981.

**492**

Kenneth A. Korth, Victoria, for appellant.

Knute Dietze, Dist. Atty., Victoria, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

## OPINION

UTTER, Justice.

Appeal is taken from a conviction for voluntary manslaughter. The trial resulted in a conviction for voluntary manslaughter. Punishment was assessed at twenty (20) years.

During the early morning hours of April 6, 1976, Billy Frank Yandell was attacked and stabbed by appellant and his brother in the parking lot of a Victoria, Texas, tavern. Yandell was taken to a nearly hospital where he died from multiple stab wounds sustained in the attack. Appellant told a friend shortly after the assault that he had stabbed Yandell "in tempo." After being at large for over two years, appellant was arrested and brought to trial under an indictment charging him with murder.

In six (6) grounds of error, appellant raises issues concerning the prejudicial effect of being seen in handcuffs by several jurors, the use of his post-arrest silence for impeachment purposes, and the propriety of certain remarks and arguments made by the prosecutor.

During the jury selection the prosecutor remarked to the panel that if they did not have a reasonable doubt about the facts of the offense, then they "owed" the State a verdict of guilty. Appellant objected that the term "owed" was a reference to a demand of the community for a particular result. We find this objection to be without merit and overrule appellant's first ground of error.

Defendant, testifying in his own behalf, admitted stabbing the deceased but claimed he did so in self-defense. A material fact which appellant by his testimony sought to establish in support of this defense was that immediately before he made the deadly assault, it appeared to him that the deceased was reaching for a weapon. During the cross-examination of appellant the following question and answer sequence occurred:

Q. Jacinto, a hundred nine days ago you were brought back from Houston by Officer Jessie Ramirez of the police department. Is this correct?

A. That is correct?

Q. And I suppose between Victoria and Houston you and Officer Ramirez had some conversations. Is that correct?

A. Very little.

Q. Beg your pardon?

A. Very little.

Q. Okay. Did you tell Officer Ramirez, a policeman—did you tell him anything about Billy Yandell reaching under the seat and grabbing a knife or a gun?

A. I never discussed the case.

Appellant contends in ground of error three that the trial court erred in allowing the State's attorney to question appellant about his failure to make statements to the police officer while he was in custody concerning appellant's fear that Billy Yandell had a weapon at the time appellant initiated the attack against Yandell. Since no objection was made to the prosecutor's question and there being no showing that appellant did not have an opportunity to object, the complaint is not properly before us for review. *Taylor v. State*, 489 S.W.2d 890, 892 (Tex.Cr.App.1973).

Defendant testified in a hearing outside the presence of the jury that a juror boarded an elevator in which he was riding and saw him in handcuffs. He also stated that on a second occasion six members of the jury rode in an elevator in which he was present and saw him in handcuffs. Appellant contends under ground of error two that the trial court erred in refusing to grant a mistrial because of these encounters with the jurors. Appellant made no request for a cautionary instruction nor did he interrogate the jurors who had seen him as to their ability to render a fair and impartial verdict in spite of their view of him in handcuffs. With the record silent in these regards, we are unable to say that the trial court had sufficient basis to reasonably infer that the encounters, being brief and outside the courtroom, were an infringement of appellant's constitutional presumption of innocence. *Ramirez v. State*, 383 S.W.2d 606, 607 (Tex.Cr.App.1964); *Wright v. Texas*, 533 F.2d 185 (5th Cir. 1976).

■ In ground of error four appellant contends that the trial court erred in refusing to grant a mistrial after the prosecutor in his argument concerning guilt or innocence stated "It makes me sick". The remark made reference to some gruesome photographs that were in evidence. We agree that this argument was improper, but hold that it was rendered harmless by the trial court's prompt instruction to disregard it. *Debolt v. State*, 604 S.W.2d 164, 169 (Tex.Cr.App.1980).

■ In ground of error five appellant contends that the trial court erred in refusing to grant a mistrial after the prosecutor argued outside the record that the deceased's widow asked the deceased not to go to the Mardi Gras Lounge because it was a dangerous place. In the context of the full record, the statement objected to appears to be completely immaterial. It does not tend to prove or disprove any fact issue or element of the offense charged. The error was therefore harmless. *Houston v. State*, 503 S.W.2d 540 (Tex.Cr.App.1974).

■ In ground of error six appellant contends that the trial court erred in refusing to grant a mistrial after the prosecutor during his punishment stage argument made these remarks:

"Would you be standing next to him the next time he went berserk or one of your children or one or your friends?"

We hold this argument to be a proper plea of law enforcement. It is similar to arguments recently approved in *Starvaggi v. State*, 593 S.W.2d 323, 328 (Tex.Cr.App. 1979) ("I hope he doesn't come knocking on one of your doors at eight o'clock in the evening—") and *Debolt v. State*, 604 S.W.2d 164, 169 (Tex.Cr.App.1980), ("What I'm mainly concerned with is he is not out among the public, living next door to me or next door to anybody else.").

Finding no reversible error the judgment of the trial court is affirmed.