**Jacinto SANCHEZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**Nos. 2002cr, 2577cr, 13–81–015–CR and 13–82–076–CR.**

Court of Appeals of Texas, Corpus Christi.

Sept. 9, 1982.

Discretionary Review Granted Dec. 22, 1982.

Kenneth A. Korth, Korth & Easley, Victoria, for appellant.

Knute L. Dietze, Cr. Dist. Atty., Victoria, for appellee.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

OPINION ON REMAND

UTTER, Justice.

In our original opinion, 622 S.W.2d 491, we declined to review ground of error three on the ground that appellant had not preserved his error by a sufficient trial objection. On February 17, 1982, in response to appellant's petition for discretionary review, the Court of Criminal Appeals, 628 S.W.2d 780, held that the trial objection was sufficient and remanded the case to this court for reconsideration of ground of error three. We will now review the issue raised by ground of error three.

Defendant, testifying in his own behalf, admitted stabbing Billy Yarnell, but claimed that he had done so in self defense when it appeared to him that Yarnell was reaching for a weapon. On cross-examination the prosecutor was permitted over timely objection, to ask appellant whether, after his arrest and while in custody, he had told the arresting officer that the deceased was reaching for a knife or gun. The appellant responded that he had not discussed the case with the officer. In his objection, defense counsel argued in effect that the prosecutor's question was an effort to have the jury consider appellant's silence while in custody as a factor discrediting his testimony concerning Yarnell's apparent movement

to obtain a weapon. Appellant contends that under *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976) the trial court erred in permitting the question and that the error constituted a harmful violation of his right to due process. In *Doyle v. Ohio* the Supreme Court held it was a violation of the Due Process Clause of the Fourteenth Amendment for a State prosecutor to seek to impeach a defendant's exculpatory story, told for the first time at trial, by cross-examining him about his failure to tell the story earlier while in custody and after receiving Miranda warnings. Without a showing that appellant had received Miranda warnings at the time inquired about by the prosecutor we are unable to apply the holding in *Doyle v. Ohio.* (A preliminary hearing to determine the admissibility of the oral statements called for by the prosecutor's questions would no doubt have revealed whether *Miranda* warnings had been given. No such hearing was requested.)

In *Fletcher v. Weir,* 455 U.S. 603, 102 S.Ct. 1309, 71 L.Ed.2d 490 (1982) the Supreme Court construing *Doyle v. Ohio* has held that it is not a violation of due process for a State to permit cross-examination as to post-arrest silence when the defendant had not received *Miranda* warnings before his silence. No error being shown, ground of error three is overruled.

Judgment of the trial court is AFFIRMED.