**Phillip Michael BEIER, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. A14–82–720–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 12, 1984.

Review Granted Oct. 3, 1984.

Charles R. Young, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

J. CURTISS BROWN, Chief Justice.

Phillip Michael Beier (Beier or appellant) was charged with selling obscene material as a party to the offense under Tex.Penal Code Ann. § 7.02 (Vernon 1974). Beier was found guilty by a jury. The court imposed punishment of fifteen days confinement and a one thousand dollar fine.

Members of the Houston Police Department had been informed by an employee of the Ball Park bookstore that the manager would arrive at a specific time to collect the day's receipts. At the predicted time Beier arrived, carrying a ziplock style bank bag. Beier was observed, behind the counter, taking money from the register and clearing the machine. One of the police officers attempted to purchase a film while Beier was at the register, but was told to wait. As Beier left the store a second officer purchased a film titled "The Men's Room". Both films were contained in boxes which had pictures from the respective films on the covers. Exhibits in the record reveal the walls of the store were shelved with large quantities of substantially similar products. The cover pictures all depict various sexual acts and acts of sodomy.

"The Men's Room" was viewed in its entirety by one of the vice officers and by a member of the District Attorney's office. The vice officer presented an affidavit to a magistrate reciting the facts above, and that he had viewed the film. The magistrate issued a warrant for appellant's arrest. When Beier was searched upon arrest, two slips of paper were found on his person. One had names and phone numbers of employees, and the other was a memo to instruct clerks to cooperate with vice officers.

The jury was instructed on the elements of the offense, and on the requisites of intentional, knowing behavior. They were also instructed on the law of parties and circumstantial evidence. There was no instruction given on Tex.Penal Code Ann. § 43.23(e) (Vernon Supp.1982–1983), the presumption of knowledge in sale of obscene material.

Appellant has stated nine grounds of error. Beier asserts there was insufficient evidence proving the film was obscene under law or that he was a party to the offense. He further asserts that there were several procedural deficiencies: (1) that the jury panel was improperly shuffled; (2) that he was improperly denied pre-trial discovery of the state's evidence; and (3) that the slips of paper were impermissable hearsay. Additionally, Beier argues that the prosecutor made improper statements, that the arrest warrant was illegally obtained, and tainted evidence introduced.

It should be noted that the arrest warrant was sound. The testimony of the affidavit was based upon explicit personal knowledge of the contents of the film, and the film itself was purchased, not seized.

Appellant argues extensively that the Fourth Amendment of the Constitution of the United States invalidated the arrest, and introduction of related evidence. There was neither a search nor a seizure in this case. The arrest was properly based on personal knowledge of a criminal offense.

We have viewed the film, "The Men's Room", and find it factually and constitutionally obscene. Taken as a whole, it lacks any serious literary, artistic, political, and scientific value. Appellant argues that since the film is homosexually oriented, and since he produced members of the gay community who did not find it offensive, that it is not obscene. Whether sexual material is sufficiently offensive to be obscene is a question of fact. The trier of fact determines whether the average person in the community, as he perceives him, would be offended by the material. *Gholson v. State,* 667 S.W.2d 168 (Tex.App. —Houston [14th Dist.], 1983, pet. granted). That several avowed homosexuals did not find this film obscene does not prevent a jury from deciding it would be offensive to the average member of the community. The film, "The Men's Room", is factually and constitutionally obscene. Appellant's ground of error is overruled.

Whether or not Beier can be convicted as a party to the sale of this obscene material is a more difficult question. We have been instructed by the Texas Court of Criminal Appeals in *Davis v. State,* 658 S.W.2d 572 (Tex.Crim.App.1983), that knowledge of content cannot be presumed in the sale or distribution of obscene materials. The law of parties as applied in obscenity prosecutions must be carefully examined to ensure this presumption is not being resurrected indirectly.

A person is criminally responsible for an offense committed by another when he acts with intent to promote or assist the commission of the offense by soliciting, encouraging, directing, aiding, or attempting to aid the other person in its commission. *Romo v. State,* 568 S.W.2d 298, 303 (Tex.Crim.App.1977); Tex.Penal Code Ann.

§ 7.02(a)(2) (Vernon 1974). In prosecution for obscenity, this does not include conduct which is merely incidental to its promotion. *Acevedo v. State,* 633 S.W.2d 856, 859 (Tex. Crim.App.1982). To be an aider and abettor one must have knowledge of some illegal activity. To impose penal sanctions requires that the state prove one has a culpable mental state. *William Sommerville & Son, Inc. v. Carter,* 571 S.W.2d 953, 957 (Tex.Civ.App.—Tyler 1978), *aff'd on other grounds,* 584 S.W.2d 274 (Tex.1979). In prosecution of obscenity scienter, or guilty knowledge, distinguishes conduct which is incidental to its promotion from conduct which may be condemned. *Davis,* 658 S.W.2d at 578.

When the law of parties is applied to an obscenity prosecution, the state must still prove the accused had guilty knowledge; that is, intent to promote or assist some crime. This proof is usually a pattern of behavior from which intent to further a crime may reasonably be inferred. "Reliance may be placed on actions of the parties which show an understanding and common design to do a certain act." *Tarpley v. State,* 565 S.W.2d 525, 529 (Tex.Crim.App.1978). An understanding or common design may be inferred from the circumstances and need not be shown by direct evidence. Circumstantial evidence may be used to prove one is a party to an offense. *Wygal v. State,* 555 S.W.2d 465, 469 (Tex.Crim.App.1977).

It is important to distinguish an inference based on facts from an impermissable presumption. As stated in *Davis,* 658 S.W.2d at 580, and n. 3,

"All this opinion holds is that law enforcement officials must rely upon sufficient inferences of guilt to obtain and sustain a conviction for promoting obscene material,[3] but may not, as they did in this cause, rely upon the statutory presumption to establish guilty knowledge on the part of the accused of the content and character of the obscene material."

"[3] Generally speaking, this is how the State, where it is without direct evidence of guilty knowledge, usually establishes its case beyond a reasonable doubt against the accused. Proof of knowledge and intent are usually, because of their very nature, established inferentially from the totality of the facts of the case."

By necessity, a trier of fact must make reasonable inferences to find that an accused knew he was doing something wrong. When prosecuting a party to distribution of obscenity, knowledge of a specific transaction need not be shown. There must be evidence which would allow a reasonable fact-finder to conclude the accused had the intent to promote or assist some common undertaking to distribute obscenity.

Whether there was sufficient evidence to convict Beier as a party to distribution of obscenity is governed by *Griffin v. State*, 614 S.W.2d 155 (Tex.Crim. App.1981). The relevant question is whether, after viewing the evidence in the light most favorable to the verdict, any rational fact-finder could have found the essential elements of the offense beyond a reasonable doubt. *Griffin*, 614 S.W.2d at 159. The essential elements are that Beier intentionally and knowingly assisted a common undertaking to promote obscenity, and that distribution, exhibition, or sale of obscenity took place as part of the common undertaking. In proving a common design it is not necessary that every fact independently prove guilt as long as the verdict is reasonable, given the cumulative force of all the incriminating evidence. *Wilburn v. State*, 636 S.W.2d 771, 776 (Tex.App.—Corpus Christi 1982, no pet.).

The jury in this case could have reasonably concluded that Beier was the manager of the store and in control of the enterprise. The employee tip was accurate. Beier arrived with a cash collection bank bag, went behind the counter, emptied the till, and cleared the cash register. When arrested he had employee lists and a memo with instructions to employees.

The critical question is whether the state introduced sufficient evidence to establish that Beier knew the enterprise had criminal potential. Photographs in the record show the wall of the store were, both in the public area and behind the counter, covered with boxed films for sale. They uniformly depicted sexual acts and acts of sodomy. Undisputed evidence placed Beier physically on the premises. It would be reasonable for a jury to *infer from the facts* that Beier could see and understand the nature of the enterprise. Furthermore, the note in Beier's possession referring to the vice squad is evidence that he was aware that his operation was illegal.

Sufficient evidence was introduced to convict Beier as a party to sale of obscenity. No impermissable presumptions were needed for conviction, and in fact, the jury was given no instruction on presumptions. Appellant's ground of error is overruled.

Beier asserts there were several procedural deficiencies in his trial. He first contends the trial court improperly shuffled the jury panel. Beier's counsel asked for a shuffle before the panel was brought in, and wanted to reserve that motion until after the panel was seated. The court insisted on granting the motion before seating the panel. Beier's counsel failed to renew the motion once the panel was seated. The trial judge is free to have a panel arranged in any way he sees fit. But a party's right to shuffle attaches the moment the panel enters the courtroom. *Stark v. State*, 657 S.W.2d 115 (Tex.Crim. App.1983). Beier's counsel did not renew his motion. There was no error preserved.

Beier next contends that a pretrial hearing on a motion to discover evidence was improperly denied. A trial court is not generally obligated to allow a defendant discovery of evidence. Discovery is required only if the evidence is material to the defense of the accused. *Quinones v. State*, 592 S.W.2d 933, 940–941 (Tex. Crim.App.1980). Appellant did not show, and the record does not reflect, that any evidence material to his defense was with-

held by the state. Appellant's motion was properly overruled.

 Beier's final procedural ground of error is that the two slips of paper taken from him after arrest were impermissable hearsay, and should not have been admitted. The slips were not presented to prove the truth of the statements they contained. They were introduced to show Beier's status as store manager, and his awareness of its activities. The slips thus are not hearsay but rather are direct evidence. *Denton v. State*, 504 S.W.2d 475, 477 (Tex. Crim.App.1974).

Finally, appellant argues that the prosecutor, in his summation to the jury, made statements about facts not in the record. Specifically, the prosecutor made a reference to the clerk who sold the film in question, and started to explain why he had not been prosecuted as a co-defendant. In the context of the record, the statement is harmless. It was immaterial to the case, and it did not tend to prove or disprove any element of the offense charged. *Sanchez v. State*, 622 S.W.2d 491, 493 (Tex.App.— Corpus Christi 1981), *rev'd on other grounds*, 628 S.W.2d 780 (Tex.Crim.App. 1982). Furthermore the statement was not prejudicial to Beier's defense. *Houston v. State*, 503 S.W.2d 540, 541 (Tex.Crim.App. 1974). Appellant's ground of error is overruled.

Phillip Michael Beier was properly found guilty as a party to promotion of obscenity. Appellant's nine grounds of error are overruled. The verdict of the jury and judgment of the trial court are affirmed.