In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00185-CR

                                                ______________________________

 

 

                            MONTRELL EDWARD BOWSER,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 7th Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 007-0047-10

 

                                                      
                                            

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                      MEMORANDUM OPINION 

 

In Smith County,[1]
Texas, Montrell Edward Bowser was indicted for the aggravated robbery of a
convenience store.  He pled not guilty.  At the conclusion of voir dire, the State
exercised four peremptory challenges, striking the only four African Americans
among the potential jurors.  Bowser
objected to three[2] of the
strikes, arguing that the State struck the jurors because of their race,
thereby violating Batson v. Kentucky,
476 U.S. 79 (1986).  After a hearing, the
trial court denied Bowser’s Batson
challenge and seated the jury.  

During closing arguments of the
guilt/innocence phase of the trial, the State mentioned “more aggravated
robberies.”  Bowser objected to the
reference and moved for an instruction to disregard as well as a mistrial.  The trial court sustained the objection and
instructed the jury to disregard the statement. 
However, the trial court overruled Bowser’s motion for mistrial.  The jury found Bowser guilty and assessed a
sentence of forty years’ imprisonment.  

On appeal, Bowser contends that the trial
court erred in:  (1) denying his Batson motion; and (2) overruling his
motion for mistrial.   

            We affirm
the trial court’s judgment because:  (1)
the trial court was within its discretion to deny the Batson challenge; and (2) the State’s argument was a plea to law
enforcement.

The Trial Court Did
Not Err in Overruling Bowser’s Batson
Challenge

 

            After voir dire, among
the State’s strikes were jurors number 18, 21, and 28, all of whom were African
American.  Bowser, who is African
American, objected and argued that the State struck the jurors because of their
race, thereby violating Batson.  After a hearing, the trial court denied
Bowser’s Batson challenge and seated
the jury.  In his first point of error,
Bowser argues that the trial court erred in denying his Batson challenge. 

            The Equal
Protection Clause of the Fourteenth Amendment to the United States Constitution
prevents the exercise of peremptory strikes based on a prospective juror’s
race. Batson, 476 U.S. 796; Guzman v. State, 85 S.W.3d 242, 245
(Tex. Crim. App. 2002); Splawn v. State,
160 S.W.3d 103, 114 (Tex. App.—Texarkana 2005, pet. ref’d); see Tex.
Code Crim. Proc. Ann. art. 35.21 (West 2006).

            Once a Batson challenge is raised, the trial
court engages in a three-step inquiry.  Purkett v. Elem, 514 U.S. 765, 767–68
(1995); Ford v. State, 1 S.W.3d 691,
693 (Tex. Crim. App. 1999); Montgomery v.
State, 198 S.W.3d 67, 76 (Tex. App.—Fort Worth 2006, pet. ref’d).  Under the first step, the person raising a Batson challenge is required to make a
prima facie showing of racial discrimination. 
Ford, 1 S.W.3d at 693; Montgomery, 198 S.W.3d at 76.  Once that prima facie showing is accomplished,
the burden shifts to the State to present a racially neutral reason for the
challenged jury strikes.  Ford, 1 S.W.3d at 693; Montgomery, 198 S.W.3d at 76.  Third, and finally, once the State’s reason
is proffered, the burden of persuasion shifts back and the person raising the
challenge must then convince the court that the reason given by the State was
not race-neutral and was merely pretext for concealing discrimination.  Ford,
1 S.W.3d at 693 (citing Purkett, 514
U.S. at 767–68).

            We review
the evidence relevant to the Batson
challenge in the light most favorable to the trial court’s ruling.  Cantu
v. State, 842 S.W.2d 667, 689 (Tex. Crim. App. 1992); Roberts v. State, 963 S.W.2d 894, 899 (Tex. App.—Texarkana 1998, no
pet.).  A high degree of deference is
given to the trial court, who is in the best position to determine if the State’s
facially neutral explanation for a peremptory strike is genuine.  Splawn,
160 S.W.3d at 114 (citing Jasper v. State,
61 S.W.3d 413, 421–22 (Tex. Crim. App. 2001)).  Thus, a “clearly erroneous” standard of review
is applied to the trial court’s decision to overrule a Batson challenge.  Hernandez v. New York, 500 U.S. 352, 369
(1991); Splawn, 160 S.W.3d at 114 (citing Gibson v. State, 144 S.W.3d 530, 534
(Tex. Crim. App. 2004)).  A finding is
clearly erroneous where the reviewing court “is left with the definite and firm
conviction that the trial court committed a mistake.”  Roberts,
963 S.W.2d at 899.

            During voir
dire, the State went row by row and asked the jurors to raise their cards “if
[they] believe the purpose behind sentencing somebody is to punish them, [even]
if it’s a little more than rehab[ilitation].” 
The records show that the State identified, by number, each potential
juror that raised their card.  The
challenged strikes, venirepersons number 18, 21, and 28 were among those that
did not raise their cards.

            During the Batson hearing, the trial court took
judicial notice that Bowser was African American.  There was no dispute that the struck jurors
were also African American and that the strikes left the venire panel devoid of
African American jurors.  The trial court
found that Bowser had made a prima facie showing of racial discrimination.  The State argued that the challenged strikes,
venirepersons number 18, 21, and 28, were struck because they believed that
rehabilitation was the primary goal of the sentencing phase of the trial.  The State pointed out several other,
nonminority, venirepersons that it struck for providing the same answer.  In addition, the State proffered that
venireperson number 21 was “single, had no children,” and “would be the only
person in the strike line that met any of those criteria.”  The State also argued that venireperson
number 28 put “nothing” in the employment blank of the jury questionnaire.  

            The trial
court found that the State offered race-neutral reasons for striking the three
venirepersons.  In rebuttal, Bowser
contended that the State could not have concluded that these three
venirepersons were “rehabilitators,” because the State never specifically asked
which jurors believed sentencing was primarily for rehabilitation.  He argued that the State’s stated reason for
the strikes was improper because it was not based upon any affirmative answer,
but rather, was based upon their silence. 
After the hearing, the trial court found that Bowser failed to overcome
or rebut the State’s race-neutral reasons for the three strikes and denied the Batson challenge.  

            In Montgomery and Victor, our sister courts found that “a veniremember’s belief in
rehabilitation as the primary goal of punishment is a race-neutral reason for
the exercise of a peremptory challenge.”  Montgomery,
198 S.W.3d at 76; Victor v. State,
995 S.W.2d 216, 222 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).  We conclude that the trial court’s finding
(i.e., that the State proffered a sufficient race-neutral reason for striking venirepersons
18, 21, and 28 and that Bowser failed to meet his burden of persuasion to
demonstrate otherwise) was not clearly erroneous.  See
Splawn, 160 S.W.3d at 115. 
Accordingly, we overrule this point of error.

The State’s Argument
Was a Plea to Law Enforcement

 

            During
closing arguments of the guilt/innocence phase of the trial, the State made the
following argument:

And I’d submit to you that no case is more obvious
than this one.  Because if you use your
common sense and follow the law, he’s guilty.  The only way he walks out that door to commit
more aggravated robberies is to leave that to the side. 

 

Bowser objected, arguing that the State’s argument was improper,
specifically the references to Bowser’s “alleged future actions.”  Bowser also requested an instruction to
disregard.  The trial court sustained the
objection, and instructed the jury to disregard the State’s last
statement.  Bowser then moved for a
mistrial, which the trial court denied.  

            In his
second point of error, Bowser argues that the trial court erred by denying his
motion for mistrial.

            Prosecutorial
jury argument is permissible if it falls within one of the following
categories: (1) summation of the evidence; (2) reasonable deduction drawn from
the evidence; (3) answer to argument of opposing counsel; and (4) a plea for
law enforcement.  Shannon v. State, 942 S.W.2d 591, 597 (Tex. Crim. App. 1996).  If the State’s argument is improper, falling
outside the permissible four categories, we examine for harm, balancing three
factors:  (1) the severity of the
misconduct (the magnitude of the prejudicial effect of the prosecutor’s
argument); (2) measures adopted to cure the misconduct (the efficacy of any
cautionary instruction by the court); and (3) the certainty of conviction
absent the misconduct (strength of the evidence supporting the conviction).[3]
 Mosley
v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998). [4]


            The
threshold issue is whether or not the State’s argument was improper, and as the
State’s remarks are clearly not a summation of the evidence, a reasonable
deduction drawn from the evidence, or an answer to argument of opposing counsel,
we examine whether the State’s argument amounted to a plea for law enforcement.  The State may make a proper plea for law
enforcement, including arguing the relationship between the jury’s verdict and
the deterrence of crime in general or specific types of crimes by its verdict.  Borjan
v. State, 787 S.W.2d 53, 55–56 (Tex. Crim. App. 1990).  The argument that the jury should get the
defendant off the streets has also been held to be a proper plea for law
enforcement.  Smith v. State, 114 S.W.3d 66, 72 (Tex. App.—Eastland 2003, pet.
ref’d).

            Here, the State
argued that if Bowser was not convicted, he would commit other aggravated
robberies in the future.  It is similar
to arguments found to be proper pleas for law enforcement in Starvaggi v. State, 593 S.W.2d 323, 328
(Tex. Crim. App. 1979) (“I hope he doesn’t come knocking on one of your doors
at eight o’clock in the evening . . .”); McBride
v. State, 706 S.W.2d 723, 729 (Tex. App.—Corpus Christi 1986, pet. ref’d)
(“They always say about doctors that they bury their mistakes.  You-all make a mistake and they might bury
somebody else.”), and Sanchez v. State,
622 S.W.2d 491, 493 (Tex. App.—Corpus Christi 1981), rev’d & remanded on other grounds, 628 S.W.2d 780 (Tex. Crim. App.
1982) (“Would you be standing next to him the next time he went berserk on one
of your children or one of your friends?”). 
Therefore, we find the argument to be a plea for law enforcement and
overrule this point of error.   We affirm
the judgment. 

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

Date Submitted:          October 3, 2011

Date Decided:             October 5, 2011

 

Do Not Publish 

 

 











[1]This
case was transferred to this Court from the Tyler Court of Appeals as part of
the Texas Supreme Court’s docket equalization program.  We are not aware of any conflict between the
precedent of the Tyler Court and the precedent of this Court on any issue
relevant in this appeal.  See Tex.
R. App. P. 41.3.

 





[2]The
State struck jurors number 18, 21, 28, and 33; however, juror number 33 was not
identified in Bowser’s Batson
challenge, presumably because the jury was seated from the first thirty-two
venirepersons.   





[3]“[T]he Mosley factors should be used to
evaluate whether the trial court abused its discretion in denying a mistrial
for improper argument, at least in cases like this one, in which constitutional
rights are not implicated.”  Hawkins v. State, 135 S.W.3d 72, 77
(Tex. Crim. App. 2004).  

 





[4]Bowser
cites us to Garrett v. State for the
proposition that we should examine whether the State’s improper argument “might
have contributed to the conviction or the
punishment assessed.”  632 S.W.2d
350, 353–54 (Tex. Crim. App. [Panel Op.] 1982) (emphasis added).  However, Garrett
does not support that proposition, as it merely states that in applying the Mosley factors, we should examine the
evidence adduced at the guilt/innocence stage, and, if applicable, the evidence
adduced at the punishment stage of the trial.