## JOSE RODRIGUEZ v. THE STATE.

### No. 2397. Decided April 2, 1913.

**1.—Murder—Manslaughter—Adequate Cause.**

Where, upon trial of murder, the evidence showed that the deceased made an assault upon the defendant causing pain, this was adequate cause under the statute, and the court should have instructed the jury that such would reduce the homicide to the grade of manslaughter.

**2.—Same—Abandonment of Difficulty—Charge of Court.**

Where, upon trial of murder, the evidence perhaps called for a charge on the abandonment of the difficulty by deceased, but also showed that the fatal wounds were inflicted prior to such abandonment, that theory of the case should have also been presented.

Appeal from the District Court of Wilson. Tried below before the Hon. F. G. Chambless.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*C. A. Cone* and *J. E. Canfield,* for appellant.—On question of court's charge on manslaughter: Thompson v. State, 24 Texas Crim. App., 383; High v. State, 26 id., 545.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted of murder in the second degree and his punishment assessed at five years confinement in the State penitentiary.

The evidence in this case, in our opinion, will not sustain a conviction for a higher grade of offense than manslaughter; at least it would be error to fail to define what would be adequate cause to reduce the offense to manslaughter. The testimony as a whole shows that appellant and deceased attended a dance; that appellant and a brother of deceased had had a difficulty a week prior to this time, and on the night of the homicide, deceased approached appellant and told him he desired to see him, and they walked off together. A wordy altercation ensued, when deceased knocked appellant down, and got on him, according to appellant, choking him and otherwise maltreating him. While down, appellant got out his knife and cut deceased. Deceased was a man thirty-five years of age, while appellant was a young man only nineteen years of age. Our statute provides that an assault causing pain is adequate cause, and yet the court did not so instruct the jury. In fact, in no part of his charge did the court tell the jury what would be "adequate cause" to reduce the offense to manslaughter. As in our opinion, the evidence offered in behalf of the State would not support a higher grade of offense, the jury were evidently misled by the failure of the court to define adequate cause. In a case like this, where appellant's testimony would show statutory adequate cause, the court should instruct the jury that an assault causing pain would in law be adequate cause, and if this cause produced such a degree of anger, rage, terror, or resentment as to render the mind incapable of cool reflection, the offense would be of no higher grade than manslaughter, and it is reversible error not to do so.

The court also charged on abandonment of the difficulty. This was perhaps called for by the evidence offered in behalf of the State, yet the testimony offered in behalf of appellant would show that no wound was inflicted after the alleged abandonment, and his theory of the case should have been aptly presented. If, as a matter of fact, the fatal wounds were inflicted while deceased had appellant down, and when they were separated, deceased retired some eight or ten steps, and appellant pursued him and struck him with his hands only, as appellant testifies, if the fatal wounds were inflicted prior to that time, and no wound inflicted at that time, this theory of the case should be presented also, if the court charges on the State's theory of abandonment of the difficulty.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*