H. B. ROEBUCK v. THE STATE.

No. 12026. Delivered April 3, 1929.
Rehearing denied June 27, 1929.

The opinion states the case.

*W. T. Davis* of San Augustine, and *Davis & Davis* of Center for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, ten years in the penitentiary.

Deceased, Otis Harvey, was a fourteen year old boy; appellant a man with grown and married children. On the day of the homicide deceased and his two brothers, one eighteen and the other twelve

years of age, were taking a crippled car to their home which was situated not far from the home of appellant. Deceased was in the car guiding it, the other two boys were in a wagon. Appellant, his son and son-in-law overtook the Harvey boys. An altercation arose between Burrell Harvey and Edmond Roebuck, the testimony differing as to how the altercation came up. In its course Burrell struck Edmond with a car pump, whereupon appellant drew a pistol and shot several times, killing Otis Harvey. In view of the conflicting testimony the court submitted murder, manslaughter and self-defense, as well as the defense of another. The case originated and was tried at a time prior to the omission of manslaughter from the law of murder.

The substance of the State's testimony relating immediately to the killing is that when the Roebuck party passed the Harveys, they spoke, and Edmond dropped back and asked Burrell if he was the one who cursed his father. Burrell replied that he was, and Edmond said that if he would get out of the wagon he would whip him. Burrell jumped out of the wagon with his knife. Edmond had a whip with a stock to it, and reached into his pocket for a knife. Burrell told deceased to bring him the pump, which he did, and Burrell struck Edmond with it. Edmond cursed Burrell, calling him a vile name, and told him to run. At this juncture Burrell saw appellant pull his pistol and did run, Edmond pursuing him. When Burrell ran appellant fired twice at him, and then turned and shot deceased and shot again at Burrell, and then again at deceased who was lying on the ground. Substantially the testimony for the defense showed that Burrell Harvey was the aggressor and struck Edmond Roebuck with the car pump and that Edmond fell, and that appellant, who had taken no part in the difficulty up to this time, except to tell Edmond to come on and go, drew his pistol and fired at Burrell Harvey who ran behind a car and acted as if he might be getting a weapon, whereupon appellant fired twice more at him. The defense testimony located the Harvey boys near to each other when appellant first shot, and it was the claim of appellant that he did not turn and shoot deceased, but that he was struck by a bullet intended for Burrell Harvey and fired in self-defense or in defense of appellant's son. Appellant said he did not draw his pistol and did not fire until he heard the lick and saw his son falling and saw Burrell draw back as if to strike again.

Appellant plead to the jurisdiction of the trial court because of some alleged defect in the transcript upon change of venue. The

plea is voluminous and seems to have been based on the claim that said transcript failed to show that an indictment for murder had been returned, naming appellant as the defendant therein. We think the point without merit. The case had been on the dockets of different courts for two years, had been tried, appealed and reversed, and appellant's plea was correctly overruled. Another contention was that because of the fact that the transcript did not show that an indictment had been returned against this defendant, the order of the court for a special venire was without authority and the venire should be quashed. We do not think this of merit sufficient to call for discussion.

Appellant moved for a new trial on the ground that the jury had received material testimony after their retirement. The court heard all of the jurors when the motion was presented. Two of them swore that before the jury voted upon the guilt of appellant some one said in the jury room that appellant on a former trial had gotten ninety-nine years and it would be a come-down to convict him for manslaughter, or to give him a light penalty for murder. The other ten jurors substantially denied that any such statement was made in the jury room. We say substantially because the two jurors who testified for the defense said they heard some one make said statement, and each and all of the other jurors deny having made or heard any such statement in the jury room. We think a decision of the matter against appellant's contention was not an abuse of the discretion of the trial court.

For the purpose of showing animus on the part of the State witness Eli Harvey, it was elicited by the defense on cross-examination of said witness that he had told appellant of some conduct of appellant's son and that appellant got mad at him and since that time witness had not visited appellant's home. On re-direct examination the State asked witness to tell the jury what he told appellant about his son. This was objected to. We note from the statements in the bill of exceptions that witness in giving his answer stated some matters of fact difficult for us to understand. It seems to be claimed by appellant that the answers of the witness on cross-examination, —which are set out by the trial judge as his reasons for permitting the State on re-direct examination to elicit the details of the statement by witness to appellant,—were not in response to the question propounded by appellant's counsel. If witness attempted in his answer to go beyond the scope of the question on cross-examination, it was for appellant to make proper objection, which does not seem

to have been done. If appellant permitted the witness without objection to go into the facts in his answer to appellant's question, then the explanation of the court in his qualification to the bill, that the matter was gone into first by the defense, would seem such qualification as would render the complaint in the bill of no effect. The matter would be governed by the rule laid down in Art. 728 C. C. P. We do not deem the matter elicited of any particular materiality. No facts were developed which showed appellant's son guilty of any further wrong-doing than that he had bought some articles from a negro for which the negro claimed he had not paid. The witness stated that appellant's son was mad at the negro because the negro made this claim. This conversation was stated as being one of the reasons why appellant was angry at witness.

A bill of exceptions was reserved to the court's rejection of the testimony on cross-examination of Arnold Harvey in effect that three or four days, or a week, prior to this killing he heard Eli Harvey, his father, tell appellant's daughter, Mrs. Cora Sowell, that she ought to leave home, that she was being mistreated and ought not to stay there. The daughter referred to had been divorced from her husband and was making her home with appellant at the time. Plainly what Eli Harvey had said to Cora Sowell would be hearsay when narrated by Arnold. It was not admissible for the purpose of impeaching Eli, for no predicate had been laid. The mere fact that Eli Harvey had said to appellant's daughter that she ought to leave home because of mistreatment, is entirely too remote as showing animus on Eli Harvey's part, he being a witness in this case. He was the father of deceased, for whose slaying appellant was on trial. The witness himself had admittedly been assaulted by appellant who cursed him and called him vile names, and chased him into the home of a neighbor, all of which matters were gone into at length and would seem so amply sufficient to. fix beyond quibble reasons for animus on the part of the witness that it would be held far fetched indeed to seek to have a conviction for murder reversed for the rejection of evidence such as that involved in this bill of exceptions if offered to show animus. We might observe in this connection that this record shows that appellant's daughter, Cora Sowell, swore that she got a divorce from her young husband because appellant wanted her to; that she was refused the right of communication with her husband while she lived at her father's house after her divorce; that some three weeks before this killing she got a letter through

the mail from her husband asking her to come back to him, and that she made up her own mind that she was going to do this, but was afraid to tell her father or any member of her family, but did go over to the Harveys and tell that family of her intention; that she told Eli Harvey of the day on which she was going to meet her hus-band; that she sold a dresser to Burrell Harvey; and on the day appointed by her husband for meeting her, she walked to the town of San Augustine with members of her family, none of whom knew that she purposed to meet and remarry her husband on that day. She further said in town she saw Eli Harvey and asked him to find her husband and tell him to meet her at a certain store; he agreed to do so, but came back presently and told her that her husband said to meet him at a certain filling station; that she met him there; and they drove to a neighboring county seat and were remarried, and for three months thereafter she had no communication from appellant or any member of her family. She testified that she and her husband were living together at the time of this trial, and had been since their remarriage and that they were happy. Nothing occurred at the time of the fatal difficulty in any way bringing Eli's attitude or acts into this case from any defensive standpoint. We think the bill shows no error. The testimony of Mr. Steptoe that shortly after the remarriage of Cora Sowell to her husband, Hurst Sowell, witness took a note from her to the Harvey's home, pre-sented same to Mrs. Harvey, who gave him a grip or suit case con-taining Mrs. Sowell's clothes, would seem to supply no fact material in this case, and we do not regard the rejection of such testimony as any error. In this connection we further state that Mrs. Sowell testified that when she left her father's house to go to town to re-marry her husband, she left her suit case with her clothes in it and asked the Harveys to take care of it for her until she called for it. She testified that she gave Steptoe a note to the Harveys to get the clothes after her remarriage. We perceive no legitimate theory in this case to which the rejected testimony could have been pertinent.

We are not in accord with appellant's proposition that an assault and battery upon the person of some one other than the slayer, causing pain and bloodshed, could be held adequate cause to produce the sudden passion which would reduce an unlawful homicide to the grade of manslaughter. We find nothing in Rodriguez v. State, 155 S. W. 530, this being the only case cited on this proposition, which supports appellant's theory. We think the exception to the

court's charge for its refusal to submit such assault upon the son of appellant, as specific ground sufficient to produce sudden passion, was not well taken. The court gave an exceptionally full charge on manslaughter, one favorable to appellant, and told the jury that if they believed that at the time of the killing, Burrell Harvey, Otis Harvey, Eli Harvey, or Mrs. Eli Harvey, or either of them, were making or about to make an attack upon appellant or his son Edmond, or either, or that by reason of other acts, words or conduct of said parties, naming them, toward appellant or toward his son, there was produced in the mind of appellant such degree of rage, anger, sudden resentment, etc., as to render it incapable of cool reflection, and while in this condition of mind he shot and killed Otis Harvey, while intending to kill Burrell or Otis, or either, and not in self-defense, he would be guilty of manslaughter. Our conclusion in regard to this charge is that it imposes no limitation whatever upon the jury in considering all facts before them in arriving at whether appellant was guilty of manslaughter or not.

In his brief appellant complains of paragraph fourteen of the court's charge for telling the jury that if appellant while enraged, etc., shot Otis Harvey "accidentally and without intention so to do," he would be guilty of manslaughter. We find in appellant's exceptions to the court's charge several complaints directed at same for failure to charge in accordance with the matter last above mentioned, and we find in the court's approval of these exceptions the statement that the charge was amended to meet the exceptions. Appellant has no just ground for complaint if in response to his exceptions the court amends the charge to conform thereto, and no further exceptions are made.

Complaint is also made of the charge for the reason that it included Eli Harvey and Mrs. Harvey among those named as aggressors in stating appellant's right of self-defense. From the facts we perceive that Eli Harvey and his wife from their home not far distant, saw the beginning of the difficulty and started down, and that Mrs. Harvey rushed up to Edmond Roebuck after the shooting and struck him with a stick of some kind. Eli did not get to the place until the shooting was over, and seems to have done nothing. We fail to see any ground for meritorious complaint at the charge of any such reason. We are unable to see how the naming of all said parties added any burden or called for any greater amount of proof on the part of appellant than if their names had been omitted.

We have given to this case our careful consideration, and find in same no rerror for which a reversal should be ordered.

The judgment will be affirmed.

*Affirmed.*

### CONCURRING OPINION.

MORROW, Presiding Judge.—In consenting to the affirmance of the case, I desire to state that I am not satisfied that the court ruled correctly in rejecting the testimony of Arnold Harvey to the effect that in his presence Eli Harvey had told the appellant's daughter, Mrs. Cora Sowell, that she ought to leave the home of appellant; that she was being mistreated there and ought not to stay. From my understanding of the record, however, the ruling of the trial court in refusing a new trial notwithstanding the erroneous rejection of the testimony above mentioned was justified upon the whole record, particularly in view of the other testimony detailed in the original opinion, bringing to the attention of the jury the fact that the ill-feeling between the appellant and Eli Harvey originated in the appellant's information touching the acts of Eli Harvey in facilitating the re-marriage of Cora Sowell and her husband, the details of the particular testimony above mentioned never having been communicated to the appellant.

### ON MOTION FOR REHEARING.

HAWKINS, Judge.—Appellant urges in his motion for rehearing that we were in error in not reversing the judgment because of the rejection of proffered testimony from Arnold Harvey that he had heard his father Eli Harvey tell appellant's daughter (Mrs. Cora Sowell) that she ought to leave home, that she was being mistreated and ought not to stay there, it being appellant's contention that it showed animus on the part of Eli Harvey who was a material witness for the state. Such statement if made by Eli Harvey under the circumstances of the present case can not be said as a matter of law to have reflected animus or ill will against appellant. All that could be claimed is that the jury should have been permitted to know of such statement as it might or might not in their judgment have affected the status of Eli Harvey as a witness before them. Regarded in that light it may be that the court should have admitted the evidence of Arnold Harvey. To determine whether the rejection of the testimony calls for a reversal of the judgment we have patiently re-examined the entire statement of

facts consisting of more than one hundred typewritten pages. It is clear beyond dispute that bad feeling was engendered between Eli Harvey and appellant on account of Harvey's connection with the re-marriage of appellant's daughter to her divorced husband, and also it is unquestioned that this ill feeling was shared by the sons of Eli and appellant. It is manifestly impractical to undertake to set out here in detail the evidence. From a careful analysis of the facts we have been unable to reach the conclusion that the testimony sought from Arnold Harvey would have materially added to that already before the jury on the issue of Eli's attitude as a witness. So believing we can not sustain appellant's motion based upon the rejection of the testimony sought.

We are of opinion all other matters presented in the motion were properly disposed of on original submission and see no necessity for writing further regarding them.

The motion for rehearing is overruled.

*Overruled.*