Clifford ZATARAUS, Appellant,

v.

STATE of Texas, Appellee.

No. B14–83–230CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 19, 1984.

Larry Urquhart, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This appeal is from a judgment of conviction of the offense of aggravated robbery. After a jury trial the jury sentenced appellant, Clifford Zataraus, to fifteen years confinement in the Texas Department of Corrections. Appellant brings two points of error. In point of error one, appellant claims that the trial court erred in admitting testimony of an extraneous offense into evidence, because the State failed to establish that the offense fell within an exception to the general rule excluding evidence of an extraneous offense, and because the State failed to prove that appellant was the perpetrator of the extraneous offense. Point of error two asserts that appellant was denied a fair trial due to the prosecutor's argument in the punishment phase of the trial, which attacked appellant for entering a plea of not guilty. We disagree and affirm.

John Flading and his brother, Larry, were sitting in a car in a shopping center parking lot when appellant and another man, Marrs, walked up on either side of the car. The men announced, "This is a robbery", and Marrs held a gun on Larry. They told the brothers to get into the back seat of the car. The men got into the front seat and drove the car away. After taking Larry and John's money, the men let them out at an apartment complex. It is unclear from the record, but apparently Marrs drove off in the car without appellant. Appellant later had a resident of the apartments drive him back to the parking lot in which the robbery began.

The Fladings called the police from another apartment. The police arrived and took the brothers back to the parking lot from which they were abducted. When they arrived the lot was filled with people, television crews and police cars. A man's body, shot in the chest, lay in the parking lot. Police had discovered Marrs at the scene and had him in custody in a police car. They picked up appellant later in his apartment after an anonymous phone caller told them where he was.

At trial, over strenuous objection, the prosecutor attempted to elicit testimony from John Flading disclosing that he observed a dead body in the parking lot. Although the trial court sustained the objection, the prosecutor continued to ask about the scene at the parking lot. To the question "What else did you see?", John responded. "A dead body." The court sustained objection to this testimony and instructed the jury to disregard it, but denied the motion for a mistrial.

On cross-examination of John Flading, appellant's attorney asked John when Larry told him that the man the police had in their car (Marrs) was one of the men who robbed them, and John responded, "Right when we were by the body." The attorney did not object to the answer as non-responsive or ask for instructions for the jury to disregard it.

On re-direct examination, the judge allowed the prosecutor to elicit testimony about the body over appellant's objection because his cross-examination of John Flading had "opened the door" for testimony about the extraneous offense.

Later, after the jury had found appellant guilty, the prosecutor said in her closing argument at the punishment phase of trial: "Then to have this person come in here and tell you, has the moxie to tell you, not guilty, to tell the State now to prove it." The trial court sustained appellant's objection to this statement and instructed the jury to disregard it, but refused to grant mistrial.

 Appellant's point of error one complains that the trial court improperly admitted testimony of the extraneous offense. The first testimony of the offense occurred on direct examination. The trial court sustained appellant's objection to the testimony and instructed the jury to disregard it. An instruction to disregard will cure error in testimony of an extraneous offense. *Campos v. State*, 589 S.W.2d 424 (Tex.Cr.App.1979). At times, this type of error is so prejudicial that an instruction will not cure it. The error in our case, however, was not of this magnitude. *See Boyde v. State*, 513 S.W.2d 588 (Tex.Cr.App.1974). When the offense came up in a non-responsive answer on cross-examination, appellant did not object or request instructions for the jury to disregard. An instruction to disregard will cure error caused by a non-responsive answer which refers to an extraneous offense. *Ridyolph v. State*, 545 S.W.2d 784 (Tex.Cr.App.1977). Where, as here, a cure could have been made, and none was requested, there is no reversible error. *Blassingame v. State*, 477 S.W.2d 600 (Tex.Cr.App.1972).

If appellant had objected to the witness' answer as nonresponsive and requested an instruction for the jury to disregard it, the prosecution would not have been allowed to go into the matter further. Because he allowed this testimony without objection, appellant cannot complain about the State making brief inquiry into the same subject matter, sufficient to describe the body, during its re-direct examination. Tex.Code Crim.Proc.Ann. art. 38.24 (Vernon 1981); *Roebuck v. State*, 113 Tex.Cr.R. 112, 18 S.W.2d 643 (1929). Further, in its charge, the court instructed the jury to disregard any evidence of an offense other than the one with which appellant was charged. We overrule point of error one.

Point of error two complains that the prosecutor's comments in her closing argument at the punishment phase denied appellant a fair trial. While when a defendant has not placed his credibility in issue by testifying the prosecutor may not imply that he lied when he entered his plea, *Lopez v. State*, 500 S.W.2d 844 (Tex.Cr.App.1973), the trial court in our case cured the error with its instruction to the jury to disregard the comment. *Parr v. State*, 606 S.W.2d 928 (Tex.Cr.App.1980). We overrule point of error two.

Accordingly, we affirm the judgment of the trial court.