**Gary Wayne FISHER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–83–698–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 27, 1984.

 

Kristine Woldy, Houston, for appellant.

Calvin Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Gary Wayne Fisher, appeals from a judgment of conviction for the felony offense of burglary of a habitation, enhanced by two prior felony convictions. In a joint trial, with co-defendant, Thomas Lee Gamble, the jury found appellant guilty and, finding the two enhancement

paragraphs of the indictment true, assessed punishment at forty-five years in the Texas Department of Corrections. Appellant raises six grounds of error.

Ground of error one claims that the trial court erred in refusing to grant appellant's motion to quash the first enhancement paragraph of the indictment. Appellant's ground of error two asserts that the trial court erred in refusing to grant appellant's Motion for Severance. Ground of error three contends that the trial court erred in denying a mistrial after the prosecutor, during jury argument, appealed to community expectations. As his fourth ground of error, appellant claims the trial court erred in allowing the prosecutor to bolster the identification made by his witnesses. In appellant's fifth ground of error, he claims that the trial court erred in permitting the prosecutor to interject his personal feelings and opinion into his jury argument on punishment. Appellant's last ground of error asserts that the affirmative finding made by the trial court that a deadly weapon was used in the commission of the offense was error when no such issue was submitted to the jury and no such allegation was made in the indictment. We overrule appellant's first five grounds of error, and agree with appellant's sixth ground of error. We reform the judgment of the trial court and affirm as reformed.

The events leading to appellant's arrest started when Shirley Irving, around midnight on April 29, 1983, observed an automobile stop across the street from her apartment and saw two men get out. She testified that she recognized the two men as appellant, Gary Wayne Fisher, whom she knew for thirteen years, and co-defendant, Thomas Lee Gamble, whom she knew for twelve years. Irving testified that about ten minutes after she saw appellant and co-defendant Gamble arrive, she heard a noise "like someone was kicking in a door." Irving called the police to report a burglary in progress. She testified that she saw co-defendant Gamble carrying clothes and shoes to a car, and then returned to the apartment building across from Irving's apartment. The police arrived and Irving said she heard what sounded like a gunshot. Irving later identified both appellant and co-defendant Gamble when police brought them to the scene for identification.

Wally Posey, the complainant, testified that he woke up around midnight on April 29, 1983, to find two people in his bedroom. He recognized both Fisher and Gamble, having previously known them. Co-defendant Gamble placed a pistol to Posey's head and demanded money. Gamble told appellant to hit Posey if he moved. Gamble put a pillow over Posey's head. Posey testified that Gamble found and took his wallet and money. Posey said that he heard the noise of a door being kicked in and, as he turned his head, appellant hit him across the hand with a piece of metal. Posey testified that the two men took clothing and shoes from his apartment. Both appellant and co-defendant Gamble rushed from Posey's apartment when the police arrived. On Posey's way out to see what was happening outside, he noticed his television and AM/FM radio at the bottom of the staircase. Outside, Posey found the police, who had appellant in custody. Posey identified appellant and told them that Gamble could be found at the Sampson Motel. Posey was taken to the motel to identify Gamble. Posey also claimed some clothes and shoes which were found in the car that Irving saw appellant and Gamble get out of.

One of the arresting officers testified that as he got out of his car, he saw someone look out of the window of Posey's apartment. Moments later, he saw two men run out of the building. The officer chased them and apprehended appellant. The officer testified that Posey identified appellant and told them Gamble could be found at the Sampson Motel. An officer searched the car outside Posey's apartment and found personal articles which were claimed by Posey. The officers proceeded to the Sampson Motel and talked to Denise Carol, later identified as Gamble's common law wife. She told the officers that Gamble was not home, but he would return in a

few hours. The police returned to the Sampson Motel and arrested Gamble.

Gamble, who denied any part in the burglary, testified on his own behalf. He testified that he had been with Carol that evening in the Sampson Motel. He said he left the motel for another motel, the El Orbit Motel, where he spoke with the manager. From there, he went to a bootleg house and then home. The manager of the El Orbit Motel testified that he spoke to Gamble that evening and Gamble did not appear to be sweating or excited. Appellant did not testify.

The jury found both appellant and co-defendant Gamble guilty. At the punishment hearing, appellant renewed his motion to quash the first enhancement paragraph of the indictment, which was denied, but succeeded in arranging the deletion of the reason for the probation revocation from the judgment of his 1980 heroin conviction contained in the penitentiary packet offered by the State as State's Exhibit No. 9. The jury found the two enhancement paragraphs true and assessed appellant's punishment at forty-five years confinement.

■ In ground of error one appellant alleges that the trial court erred in denying appellant's motion to quash the first enhancement paragraph of the indictment. The motion alleged that the 1980 conviction alleged in the first enhancement paragraph was for possession of heroin. The original punishment imposed for appellant's heroin possession was probation. However, appellant's probation was revoked for alleged possession of oxycodone hydrocloride, which appellant claims is a substance not listed in the Controlled Substance Act or the Dangerous Drugs Act. Appellant alleges that the probation revocation was fundamentally defective because the offense used to revoke the probation was not an offense. Therefore, the 1980 heroin conviction could not be used to enhance punishment. At the punishment hearing, appellant moved to delete the reason for the revocation of probation in the judgment contained in the penetentiary packet offered by the State in State's Exhibit No. 9.

The trial court whited out the reason for the revocation of probation from the judgment. Appellant also renewed the motion to quash the enhancement paragraph. The court denied this motion. As presented to the jury, the proof of the first enhancement allegation did not show the cause of the probation revocation. We cannot find that the trial court erred since there is a lack of proof, and sufficiency of the evidence cannot be attacked collaterally.

■ Appellant filed an unverified motion to quash. Appellant made no attempt to prove any of the allegations in the motion. In *Taylor v. State*, 612 S.W.2d 566 (Tex. Crim.App.1981), the court refused to find an abuse of discretion in the trial court's action because the appellant did not furnish the court with a bill of exception or a record of the hearing which led to the objectionable ruling. In the present case, appellant has not presented proof by a record of a hearing, or any other form. Allegations in the briefs, unsupported by the record, cannot be accepted as fact in a criminal case. *Devereaux v. State*, 473 S.W.2d 525 (Tex.Crim.App.1971). Appellant's first ground of error simply has not been properly preserved or presented for review.

■ Additionally, this court cannot find that the trial court erred in denying appellant's motion to quash the first enhancement paragraph because it is a prohibited collateral attack on the sufficiency of the evidence. *Dinnery v. State*, 592 S.W.2d 343 (Tex.Crim.App.1980); *Ex parte Easter*, 615 S.W.2d 719 (Tex.Crim.App.1981); *Ex parte Binder*, 660 S.W.2d 103 (Tex.Crim. App.1983). Appellant alleges that collateral attack is permissible, citing *Ex parte Wong*, 612 S.W.2d 548 (Tex.Crim.App. 1981); *Ex parte Perez*, 618 S.W.2d 770 (Tex.Crim.App.1981). However, appellant cites cases in which collateral attack was allowed because a fundamentally defective indictment was involved. In the case at bar, appellant is attacking the judgment. Specifically appellant attacks the revocation of his probation, not the indictment.

In appellant's second ground of error, appellant claims that the trial court erred in denying appellant's motion for severance. We do not find that the trial court abused its discretion in denying the severance. Appellant claims he was prejudiced because co-defendant Gamble testified and admitted to prior misdemeanor theft convictions, while appellant did not testify. He argues he was prejudiced when co-defendant Gamble presented a defense witness who admitted to being a prostitute. Since a joint trial was held, appellant was given only six premptory challenges. Appellant alleges he was prejudiced because he was given a limited number of challenges. Additionally, appellant claims he suffered prejudice because the trial court and the prosecutor spoke of the two defendants jointly and the identification testimony as to co-defendant Gamble was much stronger than against appellant. Lastly, appellant argues he was prejudiced by a joint trial because co-defendant Gamble's acts were much more severe. Appellant presented his allegations in a pre-trial motion and in his motion for new trial. Tex. Code Crim.Pro.Ann. art. 36.09, (Vernon 1981), provides:

> Two or more defendants who are jointly or separately indicted or complained against for the same offense or any offense growing out of the same transaction may be, in the discretion of the court, tried jointly or separately as to one or more defendants; provided that in any event either defendant may testify for the other or on behalf of the state; and provided further, that in cases in which, upon timely motion to sever, and evidence introduced thereon, it is made known to the court that there is a previous admissible conviction against one defendant or that a joint trial would be prejudicial to any defendant, the court shall order a severance as to the defendant whose joint trial would prejudice the other defendant or defendants.

Appellant and co-defendant Gamble both had previous convictions, so there was no absolute right to a severance. *Bolding v. State*, 493 S.W.2d 186 (Tex.Crim.App.1973).

Appellant in his brief admits that the record does not contain specific evidence offered at the time the motion was originally overruled. Appellant argues that the evidence presented to the jury shows that the joint trial was prejudicial to appellant. Where no evidence was offered in support of the motion, no error is shown in the absence of such evidence offered at the time the motion was presented and overruled. *Sanne v. State,* 609 S.W.2d 762 (Tex.Crim.App.1980); *Ransonette v. State,* 550 S.W.2d 36 (Tex.Crim.App.1976); *Nelson v. State,* 503 S.W.2d 543 (Tex.Crim. App.1974).

In appellant's third ground of error, he claims that the trial court erred in denying a mistrial when the prosecutor appealed to community expectations in his punishment argument before the jury. Appellant objected at trial to the following statements made by the prosecutor:

> "... I'm angry, ladies and gentlemen, because I'm speaking for the citizens of this community, which we all are. I'm speaking for the law-abiding citizens of this community. I'm speaking for the citizens who are tired of crime in this county. I'm speaking for the citizens who are tired of criminals walking the streets even after being caught. We're tired of it, ladies and gentlemen."

We hold that the trial court made no error in denying a mistrial. Pleas of law enforcement have been accepted as a permissible area of jury argument. *Alejandro v. State,* 493 S.W.2d 230 (Tex.Crim.App.1973); *Minafee v. State,* 482 S.W.2d 273 (Tex. Crim.App.1972). The prosecutor's argument is similar to the arguments approved in *Starvaggi v. State,* 593 S.W.2d 323 (Tex. Crim.App.1979) ("... I hope he doesn't come knocking on one of your doors at eight o'clock in the evening—); *DeBolt v. State,* 604 S.W.2d 164 (Tex.Crim.App.1980) ("What I'm mainly concerned with is he is not out among the public, living next door to me or next door to anybody else."); *Sanchez v. State,* 622 S.W.2d 491 (Tex.App. —Corpus Christi 1981, pet. granted), 628 S.W.2d 780 (Tex.Crim.App.1982), aff'd. 655

S.W.2d 214 (Tex.App.1983) ("Would you be standing next to him the next time he went beserk or one of your children or one or [sic] your friends?"). The prosecutor's comments constituted a proper plea of law enforcement.

■ Had there been any error, we still would have to overrule this ground of error because the trial judge instructed the jury not to consider the prosecutor's statement concerning what the citizens demand. Any error was cured. *Parr v. State*, 606 S.W.2d 928 (Tex.Crim.App.1980); *Zataraus v. State*, 666 S.W.2d 294 (Tex.App.—Houston [14th Dist.] 1984, no pet.).

■ In ground of error four, appellant claims that the trial court erred in permitting the prosecutor to repeatedly attempt to bolster the identification made by his witnesses. After Posey, the victim, had testified about his own identification of the co-defendants, the prosecutor asked him the following:

Q. Were you present when Shirley Irving was shown the suspect, Thomas Gamble?

A. Yes, sir.

Q. You were present at the time?

A. Yes, sir.

Q. Was Ms. Irving able to identify Thomas Edward Gamble as Thomas Edward Gamble?

A. Yes, she did.

Q. Was Gary Wayne Fisher shown to Shirley Irving?

A. Yes.

Q. Were you present when that occurred?

A. Yes.

(objection to further bolstering interposed and sustained).

The next witness to testify was Houston Police Department officer Casey. The prosecutor asked the following of him:

Q. Were you present when the defendant Fisher was shown to Ms. Irving?

A. Yes.

Q. And how did that occur?

A. She just looked through the window of my car.

(Objection to bolstering interposed and sustained).

Then with Terry Cobbs, another Houston Police officer, on the stand, the prosecutor added the following:

Q. And it's true, Officer, that in your presence Mr. Posey identified Gary Wayne Fisher as the person who— one of the persons—

(objection as to bolstering interposed and sustained instruction to disregard given, mistrial denied).

. . . . .

Q. And it's true that the suspects in this offense were caught and identified collectively—

(objection interposed and sustained). The court again instructed the jury to disregard. Appellant argues that a reversal is necessary due to the repeated efforts to bolster the identification made by the witnesses. Alleged improper and repeated comments to the jury followed by instructions not to consider the remark have not resulted in a reversal. *Thomas v. State*, 578 S.W.2d 691 (Tex.Crim.App.1979). We find no reason to reverse the instant case because of alleged attempts to bolster the identification made by a witness.

■ By his fifth ground of error, appellant asserts that the trial court erred in allowing the prosecutor to interject his personal feelings and opinions into his argument on punishment before the jury. Specifically, appellant objects to the prosecutor's comment after he asked the jury to assess life imprisonment. The prosecutor told the jury, "If I seem to have gotten angry, ladies and gentlemen, I'm just shocked. I'm outraged for the citizens of this community." Appellant also objects to the prosecutor's alleged attempt to place himself in the jury box by asking, "Are we going to let these individuals tell us what to do?" The prosecutor's statements are within the permissible area of jury argu-

ment because it is a plea of law enforcement. *Starvaggi*, 593 S.W.2d 323; *Debolt*, 604 S.W.2d 164; *Sanchez*, 622 S.W.2d 491. Again, we hold had there been any error, it was cured by the trial judge's instruction to the jury to disregard. *Thomas*, 578 S.W.2d 691; *Zataraus*, 666 S.W.2d 294.

 Appellant's sixth ground of error alleges that the trial court erred in making an affirmative finding that a deadly weapon was used in the commission of this offense when no such issue was submitted to the jury and no such allegation was made in the indictment. The indictment does not contain any allegation of the use of a deadly weapon. The charge of the court does not contain any reference to a deadly weapon. The jury found appellant guilty as charged in the indictment. Therefore, the jury made no finding that a deadly weapon was used. The trial court, however, found that a deadly weapon, a firearm, was used during the commission of the offense. Its finding is contained in the judgment. An affirmative finding as to whether a firearm was used during the commission of an offense must be made by the jury when the jury is the trier of fact. *Ex parte Thomas*, 638 S.W.2d 905 (Tex. Crim.App.1982). In *Barecky v. State*, 639 S.W.2d 943 (Tex.Crim.App.1982), the court reformed a judgment in which the court made an improper finding of deadly weapon use. In *Barecky*, as in the instant case, the improper entry was made after appellant was found guilty and after the jury assessed punishment. The court's finding in both cases had no effect on the verdict or punishment. This court has the power to reform and correct the judgment as the law and nature of the case may require. Tex.Code Crim.Pro.Ann. art. 44.24(b) (Vernon Supp.1983). Accordingly, the judgment is reformed and corrected by deleting the following "... and the Court further found that a deadly weapon, to wit, a firearm, was used during the commission of this offense".

As reformed, the judgment is affirmed.