**Carlton Lynn PATTERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–89–216–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 14, 1989.

Discretionary Review Refused
March 14, 1990.

Catherine Greene Burnett, Houston, for appellant.

Cheryl Boyd, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Carlton Lynn Patterson, appeals his judgment of conviction for the offense of aggravated robbery. TEX. PENAL CODE § 29.03 (Vernon 1989). A jury rejected appellant's "not guilty" plea and found him guilty. The trial court assessed his punishment at twenty-five years (25) confinement in the Texas Department of Corrections. We affirm.

Appellant brings three points of error on appeal. He asserts the trial court erred in: 1) not granting appellant a severance from his co-defendant who had admissible prior felony convictions; 2) not allowing impeachment of the complainant with his prior conviction for reckless conduct which was relevant to the witness' character trait of aggressiveness and 3) not allowing impeachment of the complainant with his prior conviction for reckless conduct which was relevant to the issue of his credibility.

The appellant and his co-defendant, Lionel Willis, were tried together.

On October 11, 1988, Jerald Allen Malone was residing at the Star of Hope Mission in Houston, Texas. That evening, Malone stood outside the mission where he struck

up a conversation with appellant. At approximately 9:00 p.m., appellant indicated that he needed Malone's help in pushing a car. Malone agreed to assist appellant and the two began walking away from the mission. As they walked towards the alleged disabled vehicle, appellant pulled a knife on Malone, demanding his money and valuables. Lionel Willis then approached the two and assisted appellant in taking Malone's wrist watch, a package of Doral cigarettes and some cash. Appellant discouraged Willis from harming Malone and the pair instructed Malone to go back to the mission.

On his way back to the mission, Malone stopped Officer Ralph Chaison of the Houston Police Department and told him about the robbery. Chaison, who was accompanied by Malone, proceeded to look for the perpetrators of this crime. Chaison drove to an area where he had observed two suspicious looking males only moments earlier; Malone identified the two as his assailants. Appellant and Willis were subsequently arrested for the commission of this crime.

■ In his first point of error, appellant submits the court erred in refusing his request for severance from his co-defendant, Willis, who had admissible prior felony convictions. Appellant filed a Motion to Sever his trial from that of his codefendant Lionel Willis. Appellant argued that he should be tried separately from Willis due to the fact that Willis had prior convictions which could be used for impeachment purposes. The State argued against this Motion due to the fact that appellant also had prior convictions which could be used to impeach his credibility. The trial court denied appellant's Motion for Severance, and it is from this ruling he appeals. We agree with the trial court.

The TEXAS CODE OF CRIM.PROC.ANN. art. 36.09 (Vernon 1981) controls the severance of cases which are based on separate indictments and it reads as follows:

> Two or more defendants who are jointly or separately indicted or complained against for the same offense or any offense growing out of the same transac-

tion may be, in the discretion of the court, tried jointly or separately as to one or more defendants; provided that in any event either defendant may testify for the other or on behalf of the State; and provided further, that in cases in which, upon timely motion to sever, and evidence introduced thereon, it is made known to the court that there is a previous admissible conviction against one defendant or that a joint trial would be prejudicial to any defendant, the court shall order a severance as to the defendant whose joint trial would prejudice the other defendant or defendants.

■ Absent evidence of prejudice to one defendant in a joint trial, or evidence that one of the defendants has a prior admissible conviction, a motion for severance is left to the trial court's discretion. *Mahavier v. State*, 644 S.W.2d 129, 133 (Tex.App.—San Antonio 1982, *no pet.*); *Robertson v. State*, 632 S.W.2d 805, 808 (Tex.App.—Houston [14th Dist.] 1982, *no pet.*) There is no absolute right to a severance where both defendants have prior admissible convictions. *Mulder v. State*, 707 S.W.2d 908, 915 (Tex.Crim.App.1986); *Fisher v. State*, 681 S.W.2d 202, 206 (Tex.App. —Houston [14th Dist.] 1984, *pet. ref'd*). When an accused is not entitled to a severance as a matter of right, the denial of same by the trial court constitutes an abuse of discretion "only when the movant satisfies the 'heavy burden' of showing clear prejudice." *Rajski v. State*, 715 S.W.2d 832, 834 (Tex.App.—Houston [14th Dist.] 1986, *no pet.*) Moreover, "the mere allegation that prejudice will result is not evidence of or sufficient showing of prejudice under Art. 36.09, particularly when the severance is discretionary with the trial judge." *Mulder v. State*, 707 S.W.2d at 915. *Fisher v. State*, 681 S.W.2d 206.

We find that the trial court did not abuse its discretion in denying appellant's Motion for Severance. In the first instance, appellant had no absolute right to a severance because he, himself, had prior admissible convictions including attempted theft of an automobile and burglary of a motor vehicle with intent to commit theft. Further, Lion-

el Willis did not testify during the guilt/innocence phase of the trial. Thus, appellant cannot claim he was prejudiced by Willis' prior criminal history during guilt/innocence because the jury was never made aware of Willis' criminal record. In addition, appellant has failed to establish that he was prejudiced during the penalty phase of this trial. It was the trial court who imposed the sentences, assessing appellant a sentence significantly lighter than the sentence imposed on Willis who received a life sentence indicating that the two were punished based upon their individual circumstances without regard to their association with one another. We find that appellant's Motion for Severance was rightfully denied. Appellant's first point of error is overruled.

■ Appellant in his second and third points of error complains that the trial court erred in not allowing impeachment of Malone, the complainant, with his prior conviction for reckless conduct which was relevant to his credibility and his character trait of aggressiveness.

Jerald Allen Malone had a prior conviction for reckless conduct, a misdemeanor. The State raised an oral pretrial Motion in Limine to prevent any cross-examination on this issue as the conviction was neither a felony nor a crime involving moral turpitude. The trial court granted the State's Motion. In two points of error, appellant contends the trial court erred in excluding this evidence as it was relevant to impeach Malone's credibility in addition to establishing Malone's propensity for violence. We disagree with appellant's contentions.

Appellant asserts that he should have been allowed to impeach Malone's credibility with the prior reckless conduct conviction for two reasons. First, appellant contends that this evidence was proper impeachment pursuant to the Texas Rules of Criminal Evidence. Second, appellant argues that Malone's testimony regarding the number of times he had testified in a court created a false impression before the jury that appellant should have been allowed to refute.

The Texas Rules of Criminal Evidence provide the manner by which a witness can be impeached with evidence of a prior criminal conviction as follows:

Rule 609. Impeachment by Evidence of Conviction of Crime

(a) General Rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record but only if the crime was a felony or involved moral turpitude, regardless of punishment; and the court determines that the probative value of admitting this evidence outweighs its prejudicial effects to a party.

TEX.R.CRIM.EVID. 609.

Malone had been indicted initially on two counts of aggravated assault. The State reduced both counts and Malone was convicted of reckless conduct. TEX. PENAL CODE ANN. § 22.05 (Vernon 1989). During the trial in the instant case, outside of the jury's presence, counsel for appellant's co-defendant questioned Malone about the prior convictions. Specifically, defense counsel attempted to establish that one of the complainants was female. One of the complainants in Malone's prior conviction did have the first name, Tracy. Defense counsel at trial went so far as to ask the trial court to take judicial notice of the fact that Tracy is a female name. Obviously, the trial court refused this invitation. Contrary to appellant's assertions on appeal, Malone *never* indicated that one of the victims in the reckless conduct charges was a female. He testified that he assaulted two males who were in a car with their two daughters.

■ This type of impeachment evidence was properly excluded by the trial court. Reckless conduct is not a felony offense. Further, misdemeanor assaultive offenses which do not involve violence against women are not crimes involving moral turpitude. *Knox v. State*, 487 S.W.2d 322, 326 n. 2 (Tex.Crim.App.1972); *Valdez v. State*, 450 S.W.2d 624, 625 (Tex.Crim.App.1970). Since Malone's victims were both male, his conviction is neither a felony nor one which

involves moral turpitude. Accordingly, appellant's third point of error is overruled.

■ In connection with appellant's second point of error, Malone's prior convictions could not be used to clear up any alleged false impression created before the jury.

At the beginning of Malone's testimony, the State inquired as to whether Malone had ever *testified* in a court prior to that date. Malone responded that he had given testimony previously in a case involving a wreck. Apparently, the prosecutor asked the above question because Malone was visibly nervous regarding his testimony. Appellant's counsel argued that the State's initial inquiry "opened the door" to Malone's prior conviction as Malone's answer regarding his previous experience in testifying was false and misleading. The State responded to defense counsel's assertions as follows:

> PROSECUTOR: He took a plea, judge. He talked to the judge to take a plea. That's not the same as testifying, at least I don't—that's not what most of us consider.

An exception to Rule 609, presents itself "where the witness makes blanket statements concerning his exemplary conduct such as having never been arrested, charged or convicted of any offense, or having never been 'in trouble,' or purports to detail his convictions leaving the impression there are no others." *Ochoa v. State*, 481 S.W.2d 847, 850 (Tex.Crim.App.1972); *Shipman v. State*, 604 S.W.2d 182, 184 (Tex.Crim.App.1980). This exception applies in situations where the witness makes a statement before the jury which is obviously designed to create a false impression of law abiding behavior. It is clear from this record that the prosecutor, through his questioning of Malone, was attempting merely to relax Malone in front of the jury so he would not be nervous while testifying. The prosecutor was not attempting to mislead the jury. The question defense counsel argues "opened the door" to impeachment was the second question the prosecutor asked Malone. This question was followed by an inquiry as to whether

Malone was nervous. We find that the context of the questioning demonstrated Malone's uneasiness before the jury and not his prior contact with the criminal justice system. Accordingly, appellant's contention is without merit.

■ Appellant further contends that Malone's prior conviction should have been admitted to establish Malone's character trait for violence. Although unclear, appellant appears to be arguing that Malone's prior conviction was admissible to establish that Malone, and not the ones charged, was the first aggressor. Appellant appears to be arguing that since robbery is an assaultive offense, the complainant's propensity for violence is relevant on the issue of self defense.

The Texas Rules of Criminal Evidence govern the admission of character evidence. The rules establish that evidence of a person's character is generally not admissible for the purpose of proving that he acted in conformity with same on a specific occasion. TEX.R.CRIM.EVID. 404. An exception to the general rule states:

> (2) Character of victim. Subject to Rule 512, evidence of a *pertinent trait of character* of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of peaceable character of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor [emphasis added.]
> TEX.R.CRIM.EVID. 404(a)(2).

Appellant was charged with aggravated robbery, which—as appellant states—is an assaultive act in addition to being a crime against property. *Cook v. State*, 706 S.W.2d 775, 778 (Tex.App.—Houston [14th Dist.] 1986, *no pet.*). Appellant seems to be arguing that since robbery is an assaultive crime, the victim's propensity for violence *automatically* becomes an issue. Appellant overlooks the fact that Rule 404 permits evidence of the victim's *pertinent character traits* only. Had the facts established that appellant was guilty only of aggravated assault, Malone's propensity for violent behavior would have possibly been relevant. However, the mere charg-

ing of an individual with the commission of assaultive behavior does not in and of itself raise the issue of self-defense.

We find that the evidence adduced in this trial established only that an aggravated robbery was committed. There was no evidence raising the theory of assault or self-defense; thus, Malone's character trait for violence was not pertinent. Appellant's second point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.