In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00164-CR


______________________________




JOHN THOMAS ALLEN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 29345-B




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 While taking items from a duplex not their own, John Thomas Allen and Joshua Freeman
were discovered by a neighbor. The neighbor called police, who promptly caught and arrested both
Allen and Freeman. Allen and Freeman were tried together before a jury, and each was convicted,
Allen for the offense of burglary of a habitation.

 Allen's sole point of error on appeal asserts only that the trial court erred by jointly trying
Allen and Freeman. Allen contends that, given Freeman's extensive criminal record, (1) the joint trial
improperly prejudiced Allen, because at trial Freeman's prior convictions, and the resulting
enhancement paragraph of Freeman's indictment, were read to the jury. As proof of prejudice, Allen
points out he received a sentence near the top of his punishment range, while Freeman did not. (2) 

 With two exceptions, the trial court has the discretion to try two or more defendants jointly
or separately. Tex. Code Crim. Proc. Ann. art. 36.09 (Vernon 1981); Aguilar v. State, 26 S.W.3d
901, 903 (Tex. Crim. App. 2000). Severance is mandatory where one defendant has an admissible
prior conviction and the person seeking the severance does not; otherwise, severance is not a matter
of right, but rests within the sound discretion of the trial court. Garza v. State, 622 S.W.2d 85 (Tex.
Crim. App. 1981) (op. on reh'g); Mendoza v. State, 61 S.W.3d 498, 505 (Tex. App.-San Antonio
2001), aff'd, 88 S.W.3d 236 (Tex. 2002); Loveless v. State, 800 S.W.2d 940, 945 (Tex.
App.-Texarkana 1990, pet. ref'd). 

 Since Allen did have prior convictions, the decision to try Allen and Freeman together was
discretionary with the trial court. Mendoza, 61 S.W.3d at 502; see Patterson v. State, 783 S.W.2d
268, 270 (Tex. App.-Houston [14th Dist.] 1989, pet. ref'd). When an accused is not entitled to a
severance as a matter of right, the denial of a severance motion by the trial court constitutes an abuse
of discretion only when the movant satisfies the "heavy burden" of showing "clear prejudice." See
Patterson, 783 S.W.2d at 270. An allegation that prejudice will result is not a sufficient showing
of prejudice under Article 36.09 of the Texas Code of Criminal Procedure when the severance is
discretionary. See id.

 An abuse of discretion occurs not when, in the opinion of the reviewing court, the facts
present an appropriate case for the trial court's action, but when the trial court acted without
reference to any guiding rules or principles. The mere fact that a trial court may decide a matter
within its discretionary authority differently than an appellate court does not demonstrate abuse of
discretion. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

 In this case, since both defendants were shown to have criminal records, and especially since
Allen was also shown to have a prior conviction, albeit at state jail felony level, for burglary of a
building, we do not find that Allen was improperly prejudiced. Accordingly, we conclude the trial
court did not abuse its discretion by trying the cases together.

 We affirm the judgment.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: May 16, 2003

Date Decided: August 6, 2003


Do Not Publish

1. The record reflects that Freeman had two prior felony convictions (including one burglary
of a habitation) and three prior misdemeanor convictions. Freeman's enhancement paragraph was
for the burglary of a habitation. There were no enhancement paragraphs in Allen's indictment, but
the record shows he had previously been convicted of two state jail felony charges, including
burglary of a building. 
2. Allen was sentenced to a term that was close to the top of his punishment range, while
Freeman received a term in the middle of the range of punishment applicable to his charge. The
ranges, however, were not the same. The maximum sentence for Allen was twenty years, of which
he received eighteen, and the maximum sentence for Freeman was ninety-nine years or life, of which
he received forty. This does not support Allen's contention of prejudice.


t to Chapter 14 of the Texas Civil Practice and Remedies Code. This is confirmed
by the docket sheet, a copy of which is attached to Jon's petition. (2) As Jon is clearly not
entitled to a default judgment, the trial court did not violate a ministerial duty or abuse its
discretion by not granting the requested default. 

 Finding no basis for the issuance of the requested writ, the petition for writ of
mandamus is denied. 



 Donald R. Ross

 Justice


Date Submitted: August 1, 2002

Date Decided: August 2, 2002


Do Not Publish

1. The United States Supreme Court has not announced a right to appointment of
counsel in civil cases generally. However, the court has held an indigent person does have
a due process right to appointment of counsel in certain civil cases. See, e.g., Lassiter v.
Dep't of Soc. Servs., 452 U.S. 18, 31-32, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981) (certain
proceedings involving termination of parental rights); In re Gault, 387 U.S. 1, 41, 87 S.Ct.
1428, 18 L.Ed.2d 527 (1967) (certain juvenile delinquency proceedings). In determining
whether due process requires appointment of counsel for an indigent person in a civil case,
the Supreme Court in Lassiter balances three factors-the private interests at stake, the
government's interest, and the risk the procedures used will lead to an erroneous
decision-against the presumption there is a right to counsel only where the indigent may
lose his or her personal freedom. Lassiter, 452 U.S. at 27. 


 Texas has created a statutory right to counsel in certain civil cases. See, e.g., Tex.
Fam. Code Ann. § 51.10(f) (juvenile proceedings), § 107.013(a)(1) (Vernon Supp. 2002)
(mandatory appointment of attorney ad litem for indigent parent opposing a suit to
terminate the parent-child relationship). Texas law also gives district judges and
constitutional county court judges discretion to appoint counsel for an indigent person in
a civil case. Tex. Gov't Code Ann. §§ 24.016, 26.049 (Vernon 1988). A judge of a
statutory county court is given "all other powers, duties, immunities, and privileges provided
by law for county court judges." Tex. Gov't Code Ann. § 25.0004 (Vernon Supp. 2002).
2. Generally, docket sheets are not evidence. Rodriguez v. State, 834 S.W.2d 592,
595 (Tex. App.SHouston [1st Dist.]), pet. granted in part & ref'd in part; remanded in part
on other grounds, 844 S.W.2d 744 (Tex. 1992). However, "[a] docket entry may supply
facts in certain situations, but it cannot be used to contradict or prevail over a final judicial
order. N-S-W Corp. v. Snell, 561 S.W.2d 798, 799 (Tex. 1977) (citing Matthews v. Looney,
132 Tex. 313, 123 S.W.2d 871 (1939); Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377,
110 S.W.2d 561 (1937); Ex parte Rains, 113 Tex. 428, 257 S.W. 217, 220 (1923); Stark
v. Miller, 63 Tex. 164 (1885)).