In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00193-CR

                                                ______________________________

 

 

                         CHRISTOPHER RAY FITZGERALD,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 124th
Judicial District Court

                                                             Gregg County, Texas

                                                          Trial Court
No. 38203-B

 

                                                        
                                          

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Christopher
Ray Fitzgerald was indicted on three counts of aggravated robbery arising from
three separate incidents.  The State
moved to consolidate his indictments with those of John Scott Kincaid, who was
with Fitzgerald during the commission of each robbery.  The trial court granted the State’s motion to
consolidate and denied Fitzgerald’s motion to sever his cases from Kincaid’s.  Thereafter, Fitzgerald pled guilty to all
three counts.  Following a consolidated
punishment trial to a jury, Fitzgerald was sentenced to a term of twenty years’
imprisonment on each count, to be served concurrently.  His sole argument on appeal alleges error in
the trial court’s failure to grant his motion for severance.[1]  Because we conclude the trial court was
within its discretion in denying the motion to sever, we affirm its judgment.

Two
or more defendants who are jointly or separately indicted or complained against
for the same offense or any offense growing out of the same transaction may be,
in the discretion of the court, tried jointly or separately as to one or more
defendants; provided that in any event either defendant may testify for the
other or on behalf of the state; and provided further, that in cases in which,
upon timely motion to sever, and evidence introduced thereon, it is made known
to the court that there is a previous admissible conviction against one
defendant or that a joint trial would be prejudicial to any defendant, the
court shall order a severance as to the defendant whose joint trial would prejudice
the other defendant or defendants.

 

Tex. Code Crim. Proc.
Ann. art. 36.09 (Vernon 2007).

 

            Severance is
mandatory only where one defendant has an admissible prior conviction and the
person seeking the severance does not; otherwise, severance is not a matter of
right, but rests within the sound discretion of the trial court.  Garza
v. State, 622 S.W.2d 85 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh’g); Mendoza v. State, 61 S.W.3d 498, 505
(Tex. App.—San Antonio 2001), aff’d,
88 S.W.3d 236 (Tex. Crim. App. 2002); Loveless
v. State, 800 S.W.2d 940, 945 (Tex. App.—Texarkana 1990, pet. ref’d).  In this case, neither Fitzgerald nor Kincaid
had any prior conviction.  Since
Fitzgerald was not entitled to a severance as a matter of right, we review the denial
of his severance motion for an abuse of discretion.  Tex.
Code Crim. Proc. Ann. art. 36.09.

            An abuse of
discretion occurs when a trial court acts without reference to any guiding
rules or principles.  An abuse of
discretion is not demonstrated by the mere fact that a trial court decides a
discretionary matter in a different way than an appellate court might.  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g).

            Fitzgerald
bore a “heavy burden” of showing “clear prejudice.”  Loveless,
800 S.W.2d at 945; Patterson v. State,
783 S.W.2d 268, 270 (Tex. App.—Houston [14th Dist.] 1989, pet. ref’d).  Yet, his motion to sever stated merely that “[a]
joint or consolidated trial would be prejudicial to the Defendant in the above
referenced cause.”  An allegation that
prejudice will result, without evidence to back up the allegation, is not a
sufficient showing of prejudice under Article 36.09 of the Texas Code of
Criminal Procedure when the severance is discretionary.  See Aguilar
v. State, 26 S.W.3d 901, 906 (Tex. Crim. App. 2000).  To show clear prejudice, 

the defendant must show a serious risk that a
specific trial right would be compromised by a joint trial, or that a joint
trial would prevent the jury from making a reliable judgment about guilt or
innocence, and that the problem could not be adequately addressed by lesser
curative measures, such as a limiting instruction.

Qualley v. State, 206 S.W.3d 624, 636 (Tex. Crim. App. 2006).

            The trial
court held a hearing on Fitzgerald’s motion to sever.  Counsel argued that the punishment trial
would be prejudicial because, while Fitzgerald was “culpable, . . . the
codefendant is more culpable.”  Varying
culpability between codefendants does not alone warrant severance.  Davilla
v. State, 4 S.W.3d 844, 847 (Tex. App.—Eastland 1999, no pet.); see also Silva v. State, 933 S.W.2d 715,
719 (Tex. App.—San Antonio 1996, no pet.); Gibbons
v. State, 794 S.W.2d 887, 891 (Tex. App.—Tyler 1990, no pet.) (citing Morales v. State, 466 S.W.2d 293, 296
(Tex. Crim. App. 1970)).  Also, no
evidence was presented to support counsel’s statement.  “It is not an abuse of discretion for the
trial court to deny a motion to sever when no evidence is presented to support
the motion.”  Davilla, 4 S.W.3d at 847 (citing
Ransonette v. State, 550 S.W.2d 36 (Tex. Crim. App. 1976)); see also Sanne v. State, 609 S.W.2d 762,
776 (Tex. Crim. App. 1980).

            We overrule
Fitzgerald’s sole point of error and affirm the trial court’s judgment.   

 

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          June
1, 2010    

Date Decided:             June
2, 2010

 

Do Not Publish











[1]Fitzgerald
appeals from convictions arising out of this case and our cause number
06-09-00194-CR.  The issues on appeal are
identical.