

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00193-CR

_____

CHRISTOPHER RAY FITZGERALD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 38203-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Christopher Ray Fitzgerald was indicted on three counts of aggravated robbery arising from three separate incidents. The State moved to consolidate his indictments with those of John Scott Kincaid, who was with Fitzgerald during the commission of each robbery. The trial court granted the State's motion to consolidate and denied Fitzgerald's motion to sever his cases from Kincaid's. Thereafter, Fitzgerald pled guilty to all three counts. Following a consolidated punishment trial to a jury, Fitzgerald was sentenced to a term of twenty years' imprisonment on each count, to be served concurrently. His sole argument on appeal alleges error in the trial court's failure to grant his motion for severance.[1] Because we conclude the trial court was within its discretion in denying the motion to sever, we affirm its judgment.

> Two or more defendants who are jointly or separately indicted or complained against for the same offense or any offense growing out of the same transaction may be, in the discretion of the court, tried jointly or separately as to one or more defendants; provided that in any event either defendant may testify for the other or on behalf of the state; and provided further, that in cases in which, upon timely motion to sever, and evidence introduced thereon, it is made known to the court that there is a previous admissible conviction against one defendant or that a joint trial would be prejudicial to any defendant, the court shall order a severance as to the defendant whose joint trial would prejudice the other defendant or defendants.

TEX. CODE CRIM. PROC. ANN. art. 36.09 (Vernon 2007).

Severance is mandatory only where one defendant has an admissible prior conviction and the person seeking the severance does not; otherwise, severance is not a matter of right, but rests

---

[1]Fitzgerald appeals from convictions arising out of this case and our cause number 06-09-00194-CR. The issues on appeal are identical.

within the sound discretion of the trial court. *Garza v. State*, 622 S.W.2d 85 (Tex. Crim. App. [Panel Op.] 1981) (op. on reh'g); *Mendoza v. State*, 61 S.W.3d 498, 505 (Tex. App.—San Antonio 2001), *aff'd*, 88 S.W.3d 236 (Tex. Crim. App. 2002); *Loveless v. State*, 800 S.W.2d 940, 945 (Tex. App.—Texarkana 1990, pet. ref'd). In this case, neither Fitzgerald nor Kincaid had any prior conviction. Since Fitzgerald was not entitled to a severance as a matter of right, we review the denial of his severance motion for an abuse of discretion. TEX. CODE CRIM. PROC. ANN. art. 36.09.

An abuse of discretion occurs when a trial court acts without reference to any guiding rules or principles. An abuse of discretion is not demonstrated by the mere fact that a trial court decides a discretionary matter in a different way than an appellate court might. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g).

Fitzgerald bore a "heavy burden" of showing "clear prejudice." *Loveless*, 800 S.W.2d at 945; *Patterson v. State*, 783 S.W.2d 268, 270 (Tex. App.—Houston [14th Dist.] 1989, pet. ref'd). Yet, his motion to sever stated merely that "[a] joint or consolidated trial would be prejudicial to the Defendant in the above referenced cause." An allegation that prejudice will result, without evidence to back up the allegation, is not a sufficient showing of prejudice under Article 36.09 of the Texas Code of Criminal Procedure when the severance is discretionary. *See Aguilar v. State*, 26 S.W.3d 901, 906 (Tex. Crim. App. 2000). To show clear prejudice,

> the defendant must show a serious risk that a specific trial right would be compromised by a joint trial, or that a joint trial would prevent the jury from

3

> making a reliable judgment about guilt or innocence, and that the problem could not be adequately addressed by lesser curative measures, such as a limiting instruction.

*Qualley v. State*, 206 S.W.3d 624, 636 (Tex. Crim. App. 2006).

The trial court held a hearing on Fitzgerald's motion to sever. Counsel argued that the punishment trial would be prejudicial because, while Fitzgerald was "culpable, . . . the codefendant is more culpable." Varying culpability between codefendants does not alone warrant severance. *Davilla v. State*, 4 S.W.3d 844, 847 (Tex. App.—Eastland 1999, no pet.); *see also Silva v. State*, 933 S.W.2d 715, 719 (Tex. App.—San Antonio 1996, no pet.); *Gibbons v. State*, 794 S.W.2d 887, 891 (Tex. App.—Tyler 1990, no pet.) (citing *Morales v. State*, 466 S.W.2d 293, 296 (Tex. Crim. App. 1970)). Also, no evidence was presented to support counsel's statement. "It is not an abuse of discretion for the trial court to deny a motion to sever when no evidence is presented to support the motion." *Davilla*, 4 S.W.3d at 847 (citing *Ransonette v. State*, 550 S.W.2d 36 (Tex. Crim. App. 1976)); *see also Sanne v. State*, 609 S.W.2d 762, 776 (Tex. Crim. App. 1980).

We overrule Fitzgerald's sole point of error and affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     June 1, 2010
Date Decided:       June 2, 2010

Do Not Publish

4